IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH** <br> 541 Mauchchunk Road <br> Nazareth, PA 18064 | : CIVIL ACTION - LAW <br> : <br> : No.   02 CV 2718 <br> : |
| v. | : <br> : |
| **PROMARK PRODUCTS WEST, INC.** <br> 306 9th Avenue <br> City of Industry, CA 91746-3311 | : <br> : <br> : **JURY TRIAL DEMANDED** <br> : |
| and | : <br> : |
| **ARIENS COMPANY** <br> 655 West Ryan Street <br> Brillon, WI 54110 | : <br> : <br> : |

## AMENDED COMPLAINT

**1.**   Plaintiff, Kyle Smith, is an adult individual who resides at 541 Mauchchunk Road, Nazareth, Pennsylvania 18064.

**2.**   Defendant, Promark Products West, Inc., was and still is a foreign corporation with its principle place of business at 306 9th Avenue, City of Industry, California 91746-3311.

**3.**   At all times relevant hereto, Defendant, Promark Products West, Inc. was duly authorized to conduct business within the Commonwealth of Pennsylvania and did conduct business within the Commonwealth of Pennsylvania.

**4.**   Defendant, Ariens Company was and still is a foreign corporation with its principal place of business at 655 West Ryan Street, Brillon, Wisconsin, 54110.

**5.**   At all times relevant hereto, Defendant, Ariens Company was duly authorized to conduct business within the Commonwealth of Pennsylvania and did conduct business within the Commonwealth of Pennsylvania.

**6.**   At all times relevant hereto, Defendant, Ariens Company purchased Promark Products West, Inc.

**7.**   At all times relevant hereto, Defendant, Ariens Company, was the successor in interest of Promark Products West, Inc.

8. At all times relevant hereto, Defendant, Ariens Company, purchased Promark Products West, Inc., and assumed all the rights, duties, obligations and liabilities of Promark Products West, Inc.

9. At all times relevant hereto, Defendant, Ariens Company, was the successor in interest of Promark Products West, Inc., and assumed all the rights, duties, obligations and liabilities of Promark Products West, Inc.

10. Defendant, Promark Products West, Inc., prior to September 8, 2001, designed, manufactured and sold the machine involved in the Plaintiff's accident; namely, a Promark Stump and Root Grinder Machine, Model 16-SP, Serial No. 685 SR215 (hereinafter referred to as "Stump Grinding Machine").

11. Defendant, Ariens Company, prior to September 8, 2001, designed, manufactured and sold the machine involved in the Plaintiff's accident; namely, a Promark Stump and Root Grinder Machine, Model 16-SP, Serial No. 685 SR215 (hereinafter referred to as "Stump Grinding Machine").

12. This is a civil action and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and the grounds on which the jurisdiction of the Court depends are the aforesaid diversity of citizenship between the parties and the nature and amount of the controversy.

## COUNT I - NEGLIGENCE

13. Prior to September 8, 2001 Defendants sold, leased or distributed the Stump Grinding Machine within the Commonwealth of Pennsylvania.

14. Defendants knew that the Stump Grinding Machine would be used without inspection of defects and by placing it upon the market represented that it would safely do the job for which it was intended.

15. On or about September 8, 2001, Plaintiff was using the aforesaid Stump Grinding Machine for the cutting of a tree stump on an incline.

16. At the time aforesaid, Plaintiff was assisting in the use of the Stump Grinding Machine when the machine suddenly spun toward Plaintiff. Immediately thereafter, Plaintiff's leg was struck by and became entangled with the rotating cutting wheel of the Stump Grinding Machine.

17. As a result of the foregoing occurrence, Plaintiff suffered the following severe injuries, to wit: open proximal tibial fracture with soft tissue loss; large open wound of the right lower extremity; displacement of complex right proximal tibial fracture; bone loss of the right lower extremity; severely comminuted proximal tibia; air within the soft tissues anterior to the proximal tibia; bone defect of the right tibia; presence of bone chips in soft tissues of right lower extremity; right proximal tibial osteomyelitis; other injuries, together with severe shock to his nerves and nervous system, all of which are or may be permanent in nature.

  **18.** The aforesaid occurrence and resulting injuries to the Plaintiff's right leg were caused by the carelessness and negligence of the Defendants, their agents, servants, workmen or employees in the design, manufacture and sale of the Stump Grinding Machine.

  **19.** The aforesaid occurrence and resulting injuries to the Plaintiff were caused by the breach of the Defendants of their warranties, express and implied, that the said Stump Grinding Machine was safe for its intended purpose and use and built and designed in accordance with the accepted standards in its industry and with the benefit of recent technological advancements.

  **20.** Defendants' careless and negligent acts include, but are not limited to, the following:

   **a)** Designing, manufacturing, selling and/or supplying a Stump Grinding Machine in a defective and unsafe condition;

   **b)** Designing, manufacturing, selling and/or supplying a Stump Grinding Machine which Defendant knew, or in the existence of due care and diligence, should have known, was defective and dangerous;

   **c)** Designing, manufacturing, selling and/or supplying a Stump Grinding Machine which was not fit for its intended purpose;

   **d)** Designing, manufacturing, selling and/or supplying a Stump Grinding Machine which was not equipped with appropriate instructions or directions;

   **e)** Designing, manufacturing, selling and/or supplying a Stump Grinding Machine which lacked all elements necessary to ensure its safe use;

   **f)** Failing to comply with applicable design and safety standards in the manufacturing, merchandising, marketing, sale and distribution of the Stump Grinding Machine to prevent injury to the operator aforesaid;

   **g)** Designing the Stump Grinding Machine to be very narrow and unstable, causing it to be prone to tip over;

   **h)** Failing to equip the Stump Grinding Machine with stations or other devices to secure or steady the machine when being used on unlevel ground;

   **i)** Failing to equip the Stump Grinding Machine with a "dead man's switch" or other automatic shut-off device;

   **j)** Failing to equip the Stump Grinding Machine with an emergency shut-off device;

   **k)** Failing to equip the Stump Grinding Machine with an operator presence control to stop the cutting wheel in the event of an emergency;

  **l)**  Failing to provide operating controls that could be readily activated in the event of an emergency;

  **m)**  Failing to provide the Stump Grinding Machine with a proper guard to cover the cutting wheel;

  **n)**  Failing to equip the Stump Grinding Machine with a proper clutch which would minimize the cutting wheel stopping time once engine power is removed; and

  **o)**  Failing to equip the Stump Grinding Machine with a brake to stop the cutting wheel.

  21.  Plaintiff, Kyle Smith, was unaware of the defects in the Stump Grinding Machine herein alleged which made it unsafe for its intended use.

  22.  As a result of the aforesaid, Plaintiff has undergone great physical pain and mental anguish and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

  23.  As a result of the aforesaid, Plaintiff has been unable to attend to his usual and daily duties and occupation and he will be unable to attend to same for an indefinite time in the future, to his great detriment and loss.

  24.  As a result of the aforesaid injuries sustained by Plaintiff, he has or may suffer a severe loss of his earnings and an impairment of his earning capacity.

  25.  As a result of the aforesaid, Plaintiff has been obliged to expend great sums of money for medicine and medical care and attention in an effort to effect a cure for his aforesaid injuries and he will be compelled to expend such sums for the same purpose for an indefinite time in the future, to his great detriment and loss.

## COUNT II - STRICT LIABILITY

  26.  Plaintiff incorporates herein by reference all the allegations of this Complaint as though fully set forth at length herein.

  27.  The Stump Grinding Machine was designed, manufactured, distributed, supplied and sold by the Defendants in a defective and dangerous condition lacking all elements necessary to ensure its safe use.

  28.  The Stump Grinding Machine was in a defective condition for which the Defendants are strictly liable to Plaintiff under the theories set forth in the *Restatement (Second) of Torts* §402(a).

  29.  Plaintiff's injuries and damages as set forth above were proximately caused by the manufacture, promotion, marketing, sale, merchandising, distribution, delivery and supply of the Stump Grinding Machine in a defective condition, for which Defendants are strictly liable to Plaintiff.

      **30.**    The Stump Grinding Machine was designed, manufactured, distributed, supplied and sold by Defendants in a defective and dangerous condition, lacking all necessary elements to ensure its safe use. In particular, Defendants are strictly liable to Plaintiff by reason of the following:

      **a)**    Designing, manufacturing, selling and/or supplying a Stump Grinding Machine in a defective and unsafe condition;

      **b)**    Designing, manufacturing, selling and/or supplying a Stump Grinding Machine which Defendant knew, or in the existence of due care and diligence, should have known, was defective and dangerous;

      **c)**    Designing, manufacturing, selling and/or supplying a Stump Grinding Machine which was not fit for its intended purpose;

      **d)**    Designing, manufacturing, selling and/or supplying a Stump Grinding Machine which was not equipped with appropriate instructions or directions;

      **e)**    Designing, manufacturing, selling and/or supplying a Stump Grinding Machine which lacked all elements necessary to ensure its safe use;

      **f)**    Failing to comply with applicable design and safety standards in the manufacturing, merchandising, marketing, sale and distribution of the Stump Grinding Machine to prevent injury to the operator aforesaid;

      **g)**    Designing the Stump Grinding Machine to be very narrow and unstable, causing it to be prone to tip over;

      **h)**    Failing to equip the Stump Grinding Machine with stations or other devices to secure or steady the machine when being used on unlevel ground;

      **i)**    Failing to equip the Stump Grinding Machine with a "dead man's switch" or other automatic shut-off device;

      **j)**    Failing to equip the Stump Grinding Machine with an emergency shut-off device;

      **k)**    Failing to equip the Stump Grinding Machine with an operator presence control to stop the cutting wheel in the event of an emergency;

      **l)**    Failing to provide operating controls that could be readily activated in the event of an emergency;

      **m)**    Failing to provide the Stump Grinding Machine with a proper guard to cover the cutting wheel;

      **n)**      Failing to equip the Stump Grinding Machine with a proper clutch which would minimize the cutting wheel stopping time once engine power is removed; and

      **o)**      Failing to equip the Stump Grinding Machine with a brake to stop the cutting wheel.

**31.**      As a result of the aforesaid, Plaintiff sustained serious personal injuries, to wit: open proximal tibial fracture with soft tissue loss; large open wound of the right lower extremity; displacement of complex right proximal tibial fracture; bone less of the right lower extremity; severely comminuted proximal tibia; air within the soft tissues anterior to the proximal tibia; bone defect of the right tibia; presence of bone chips in soft tissues of right lower extremity; right proximal tibial osteomyelitis; other injuries, together with severe shock to his nerves and nervous system, all of which are or may be permanent in nature.

**32.**      As a result of the aforesaid, Plaintiff has undergone great physical pain and mental anguish, and he will continue to endure same for an indefinite time in the future to his great detriment and loss.

**33.**      As a result of the aforesaid, Plaintiff has been unable to attend to his usual daily duties and occupations and will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

**34.**      As a result of the aforesaid injuries sustained by Plaintiff, he has or may suffer a severe loss of his earnings and an impairment of his earning capacity.

**35.**      As a result of the aforesaid, Plaintiff has been obliged to expend great sums of money for medicine and medical care and attention in and about an effort to effect a cure for his aforesaid injuries and he will be compelled to expend such sums for the same purpose for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of $150,000.00 exclusive of interest and costs.

                        BEGLEY, CARLIN & MANDIO LLP

By: _____
     S. RICHARD KLINGES, III, ESQ.
     Attorney I.D. No. 02018
     Attorney for Plaintiff
     680 Middletown Boulevard
     Langhorne PA 19047
     215.750.0110