IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE SMITH | : | |
| | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | : | |
| | : | |
| and | : | |
| | : | |
| ARIENS COMPANY | : | |
| | : | |

**DEFENDANT'S, ARIENS COMPANY, ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Ariens Company (hereinafter referred to as "Ariens"), by and through its attorneys, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, hereby responds to plaintiff's Amended Complaint as follows:

1.  Denied. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded.

2.  Denied. To the extent the allegations set forth in this paragraph refer exclusively to another named defendant, no response is required. To the extent the allegations in this paragraph constitute conclusions of law, no response is required.

3.  Denied. To the extent the allegations set forth in this paragraph refer exclusively to another named defendant, no response is required. To the extent the allegations in this paragraph constitute conclusions of law, no response is required.

4.  Admitted.

5.  Denied in part, admitted in part. It is only admitted that Ariens conducted business in the Commonwealth of Pennsylvania. To the extent the allegations in this paragraph constitute conclusions of law, no response is required.

6. Denied in part, admitted in part. It is admitted only that Ariens purchased Promark Products West, Inc. Inasmuch as plaintiff has not identified all times relevant hereto, after reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded.

7. Denied. It is specifically denied that Ariens was the successor-in-interest to Promark Products West, Inc. Inasmuch as plaintiff has not identified all times relevant hereto, after reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded.

8. Denied in part, admitted in part. It is admitted only that Ariens purchased Promark Products West, Inc. Inasmuch as plaintiff has not identified all times relevant hereto, after reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded. To the extent the allegations in this paragraph constitute conclusions of law, no response is required.

9. Denied in part, admitted in part. It is specifically denied that Ariens Company was the successor-in-interest to Promark Products West, Inc., and that it assumed all rights, duties, obligations and liabilities of Promark Products West, Inc. Inasmuch as plaintiff has not identified all times relevant hereto, after reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded. To the extent the allegations in this paragraph constitute conclusions of law, no response is required.

10. Denied. Insofar as the allegations set forth in this paragraph refer exclusively to another named defendant, no response is required.

11. Denied. It is specifically denied that Ariens designed, manufactured and/or sold a Promark Stump and Root Grinder Machine, Model 16-SP, Serial No. 685 SR215 (hereinafter referred to as the "subject stump grinder"). As to the remaining allegations, after reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded.

12. Denied. To the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded.

## COUNT I - NEGLIGENCE

13. Denied. To the extent the allegations set forth in this paragraph refer to another named defendant, no response is required. Insofar as the allegations set forth in this paragraph refer to Ariens, it is specifically denied that it sold, leased and/or distributed the subject stump grinder.

14. Denied. To the extent the allegations set forth in this paragraph refer to another named defendant, no response is required.

15. Denied. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded.

16. Denied. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded.

17. Denied. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said

allegations are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

18. Denied. To the extent the allegations set forth in this paragraph refer to another named defendant, no response is required.

19. Denied. To the extent the allegations set forth in this paragraph refer to another named defendant, no response is required.

20. (a)-(o), inclusive. Denied. To the extent the allegations set forth in this paragraph refer to another named defendant, no response is required.

21. Denied.

22. Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

23. Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

24. Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations

are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

25. Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

WHEREFORE, defendant, Ariens demands judgment in its favor and against plaintiff on all claims and damages asserted in plaintiff's Amended Complaint, together with costs of suit and attorneys' fees.

## COUNT II - STRICT LIABILITY

26. Ariens incorporates herein by reference its responses to the allegations contained in plaintiff's Amended Complaint as though said responses were fully set forth at length herein.

27. Denied. To the extent the allegations set forth in this paragraph refer to another named defendant, no response is required.

28. Denied. To the extent the allegations set forth in this paragraph refer to another named defendant, no response is required.

29. Denied. To the extent the allegations set forth in this paragraph refer to another named defendant, no response is required.

30. (a)-(o), inclusive. Denied. To the extent the allegations set forth in this paragraph refer to another named defendant, no response is required.

31. Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations

are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

      32.    Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

      33.    Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

      34.    Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

      35.    Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. After reasonable investigation, Ariens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied, and proof thereof is demanded. If plaintiff sustained any injuries, damages or losses, Ariens denies any and all liability for the same.

WHEREFORE, defendant, Ariens, demands judgment in its favor and against plaintiff on all claims and damages asserted in plaintiff's Amended Complaint, together with costs of suit and attorneys' fees.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff may have been contributorily and/or comparatively negligent and therefore, the injuries and damages of plaintiff, if any, are limited by the Pennsylvania Comparative Negligence Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in party by the applicable Statutes of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may have assumed the risk of his activities and/or the risk of a known danger.

### FIFTH AFFIRMATIVE DEFENSE

Any conduct allegedly causing liability on the part of defendant, Ariens, was not a substantial cause of the subject incident or plaintiff's alleged injuries, damages and/or losses.

### SIXTH AFFIRMATIVE DEFENSE

The injuries, damages and/or losses allegedly sustained by plaintiff may have been caused entirely by, or contributed to by, the negligent acts or omissions of individuals and/or entities other than Ariens.

### SEVENTH AFFIRMATIVE DEFENSE

Negligent acts or omissions of individuals and/or entities other than defendant, Ariens, constitute intervening, superseding acts of negligence.

### EIGHT AFFIRMATIVE DEFENSE

The stump grinder referred to in plaintiff's Amended Complaint, including its component parts, may have been misused or abnormally used at or before the time of the occurrence of the subject incident.

### NINTH AFFIRMATIVE DEFENSE

The injuries and/or losses allegedly sustained by plaintiff were not proximately caused by defendant, Ariens.

### TENTH AFFIRMATIVE DEFENSE

The stump grinder referred to in plaintiff's Amended Complaint, including its component parts, may have been substantially altered and/or changed after it left the possession and control of the manufacturer and/or distributor.

### ELEVENTH AFFIRMATIVE DEFENSE

The stump grinder referred to in plaintiff's Amended Complaint complied with any and all applicable federal, state and local standards and regulations.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate his alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any damages and/or injuries which plaintiff may have sustained were caused by the improper, abnormal, unforeseeable and unintended use of the stump grinder referenced in plaintiff's Amended Complaint by plaintiff and/or other persons for whom defendant, Ariens, is not responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or entities and/or other persons not in the control of defendant, Ariens, may be responsible for the destruction and/or spoliation of evidence resulting in prejudice to defendant, Ariens, in its ability to prepare a defense to plaintiff's claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant, Ariens, pleads the release, if any, that may have been executed by plaintiff, and states that such release eliminates and/or diminishes the alleged liability of Ariens and/or damages in this action and/or may bar plaintiff's recovery.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff may be barred from maintaining his claims based upon estoppel and waiver.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Abnormal use or misuse of the stump grinder referred to in plaintiff's Amended Complaint, including its component parts, may constitute the sole and exclusive cause of the accident and/or injuries alleged in plaintiff's Amended Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant, Ariens, generally denies each and every allegation contained in plaintiff's Amended Complaint as it relates to the alleged liability of Ariens.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant, Ariens, hereby reserves the right, upon consideration of its investigation and discovery, to file such additional defenses, affirmative defenses, counterclaims and/or joinder complaints as may be appropriate.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff failed to properly issue and serve the Summons and the Amended Complaint.

WHEREFORE, defendant, Ariens, demands judgment in its favor and against plaintiff on all

claims and damages asserted in plaintiff's Amended Complaint, together with costs of suit and attorneys' fees.

                LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

By: _____
      Gerard Cedrone, Esquire
      Leland I. Kellner, Esquire
      510 Walnut Street, Suite 1000
      Philadelphia, PA  19106
      Phone:  (215) 627-0303
      FAX:    (215) 627-2551
      *Attorneys for Defendant,*
      *Ariens Company*