IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH : | CIVIL ACTION - LAW |
| v. : | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. : | |
| and : | |
| ARIENS COMPANY : | |

**O R D E R**

      AND NOW, this _____ day of _____, 2004, upon consideration of the Motion of Defendant, Ariens Company, to Compel the Deposition of Plaintiff, Kyle Smith, and any response thereto, it is hereby ORDERED that plaintiff shall be produced at the offices of Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, 510 Walnut Street, Suite 1000, Penn Mutual Tower, Philadelphia, PA 19106, on April 16, 2004, beginning at 10:00 a.m. for deposition.

                                                     BY THE COURT:

                                                     _____
                                                     HONORABLE RONALD L. BUCKWALTER
                                                     United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | : |
| | : CIVIL ACTION - LAW |
| v. | : |
| | : No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | : |
| and | : |
| ARIENS COMPANY | : |

**MOTION OF DEFENDANT, ARIENS COMPANY,
TO COMPEL THE DEPOSITION OF PLAINTIFF, KYLE SMITH**

Defendant, Ariens Company, through its attorneys, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, moves this Honorable Court pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil Rule 26.1 for an order compelling the deposition of plaintiff, Kyle Smith, and in support thereof states as follows:

1. After not receiving return phone calls on several occasions, Ariens Company (hereinafter "Ariens") noticed the deposition of plaintiff, Kyle Smith, for December 22, 2003. A true and correct copy of the Correspondence from Leland I. Kellner, Esquire, to S. Richard Klinges, Esquire, dated December 12, 2003 with Notice, is attached hereto as Exhibit "A."

2. Plaintiff adjourned this deposition. A true and correct copy of the Correspondence from Leland I. Kellner, Esquire, to S. Richard Klinges, Esquire, dated January 8, 2004 is attached hereto as Exhibit "B."

3. On January 8, 2004, despite countless telephone calls to the office of plaintiff's counsel to schedule plaintiff's deposition, Ariens was forced to schedule the deposition of Mr. Smith for Friday, January 16, 2004. See Exhibit "B."

4. Plaintiff again adjourned his deposition. In a correspondence dated January 16, 2004, plaintiff's counsel expressed his concern with Ariens' scheduling of the depositions of plaintiff and other fact witnesses. However, nowhere in this correspondence did plaintiff's counsel provide dates for plaintiff's deposition. A true and correct copy of the Correspondence from S. Richard Klinges, Esquire, to Leland I. Kellner, Esquire, dated January 16, 2004, is attached hereto as Exhibit "C."

5. Plaintiff's counsel then provided a correspondence providing several dates of availability for the depositions of the fact witnesses, not plaintiff. A true and correct copy of the Correspondence from S. Richard Klinges, Esquire, to Leland I. Kellner, Esquire, dated January 16, 2004, is attached hereto as Exhibit "D."

6. In response, counsel for Ariens advised of scheduling conflicts that allowed for only one date of mutual availability for the fact witness depositions. A true and correct copy of the Correspondence from Leland I. Kellner, Esquire, to S. Richard Klinges, Esquire, dated January 16, 2004, is attached hereto as Exhibit "E."

7. Despite repeated requests, plaintiff's counsel has not provided any dates for plaintiff's deposition.

8. Federal Rule of Civil Procedure 30(a)(1), in pertinent parts, provides:

"A Party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court . . ."

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY • ATTORNEYS AT LAW**
SUITE 1000, 510 WALNUT STREET, PENN MUTUAL TOWER
PHILADELPHIA, PA 19106
(215) 627-0303

9. Federal Rule of Civil Procedure 37(a) permits a party to apply for an order compelling discovery. In the Comments to Subdivision (a) in the 1970 Amendments, in pertinent parts, provides:

> "Rule 37(a) provides relief to a party seeking discovery against one who, with or without stated objections, fails to afford the discovery sought. It has always fully served this function in relation to depositions . . ."

10. Local Civil Rule 26.1(f) provides:

> "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." See also F.R.Civ.P. 37(a)(2)(B).

11. Despite the attempts of Ariens to compel plaintiff's deposition without judicial intervention, plaintiff's counsel has not produced plaintiff for deposition, nor has he provided any dates that plaintiff would be produced for deposition.

12. Ariens has been unduly prejudiced by plaintiff's failure to be deposed in this case. For example, Ariens lacks sufficient information to respond to plaintiff's allegations. Without plaintiff's deposition, Ariens cannot prepare an adequate defense in this case.

13. A court order compelling plaintiff's deposition is, therefore, necessary.

WHEREFORE, it is respectfully requested that this Honorable Court enter an order compelling the deposition of plaintiff, Kyle Smith, for April 16, 2004, at the offices of Lavin, Coleman, O'Neil, Ricci,

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY • ATTORNEYS AT LAW**
SUITE 1000, 510 WALNUT STREET, PENN MUTUAL TOWER
PHILADELPHIA, PA 19106
(215) 627-0303

Finarelli & Gray, 510 Walnut Street, Suite 1000, Penn Mutual Tower, Philadelphia, PA 19106, beginning at 10:00 a.m.

           Respectfully submitted,

           LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

DATE: _____        BY:_____(GC1270)
             Gerard Cedrone, Esquire
             Leland I. Kellner, Esquire
             Howard W. Donahue, Jr., Esquire
             Attorneys for Defendant,
             Ariens Company

#776915

- 4 -

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY • ATTORNEYS AT LAW**
SUITE 1000, 510 WALNUT STREET, PENN MUTUAL TOWER
PHILADELPHIA, PA 19106
(215) 627-0303

**CERTIFICATION OF SERVICE**

I, Gerard Cedrone, Esquire, hereby certify that a true and correct copy of the within Motion of Defendant, Ariens Company, to Compel was forwarded to counsel identified below, by first-class U.S. mail, postage pre-paid, on the _____ day of _____, 2004:

>S. Richard Klinges, Esq.
>Begley, Carlin & Mandio, LLP.
>680 Middletown Blvd.
>Langhorne, PA  19047
>*Attorney for Plaintiff, Kyle Smith*

>LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

>BY:_____(GC1270)
>Gerard Cedrone, Esquire
>510 Walnut Street, Suite 1000
>Philadelphia, PA   19106
>(215) 627-0303
>Attorney for Defendant,
>Ariens Company

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYLE SMITH : | CIVIL ACTION - LAW |
| v. : | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. : | |
| and : | |
| ARIENS COMPANY : | |

**CERTIFICATION OF COUNSEL**

Counsel for defendant, Ariens Company, certifies that after reasonable effort the parties are unable to resolve this discovery dispute.

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

BY:_____(GC1270)
    Gerard Cedrone, Esquire
    Leland I. Kellner, Esquire
    Howard W. Donahue, Jr., Esquire
    510 Walnut Street, Suite 1000
    Philadelphia, PA   19106
    (215) 627-0303
    Attorneys for Defendant,
    Ariens Company