**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYLE SMITH | : |
| | : CIVIL ACTION - LAW |
| | : |
| v. | : |
| | : No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | : |
| | : |
| and | : |
| | : |
| ARIENS COMPANY | : |
| | : |

**O R D E R**

      AND NOW, this _____ day of _____, 2004, upon consideration of the Motion of Defendant, Ariens Company, to Compel Plaintiff's Full and Complete Responses to Request for Production, and any response thereto, it is hereby ORDERED that plaintiff shall produce true and accurate copies of plaintiff's Federal Income Tax Returns filed for years 1996 through 2003, W-2 forms for plaintiff for the five (5) year period preceding the incident and for the five (5) year period after the incident and fully executed and unredacted medical authorizations within three (3) days of the date of this order or plaintiff will be precluded from introducing or referring to this evidence at trial.

                                                               BY THE COURT:

                                                               HONORABLE RONALD L. BUCKWALTER
                                                                United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | : CIVIL ACTION - LAW |
| v. | : No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | : |
| and | : |
| ARIENS COMPANY | : |

**MOTION OF DEFENDANT, ARIENS COMPANY,
TO COMPEL FULL AND COMPLETE RESPONSES TO
REQUESTS FOR PRODUCTION**

Defendant, Ariens Company, through its attorneys, Lavin, O'Neil, Ricci, Cedrone & DiSipio, moves this Honorable Court pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and Local Civil Rule 26.1 for an order compelling plaintiff's full and complete answers to discovery, and in support thereof states as follows:

1. This is a complex product liability action arising from an incident that occurred on September 8, 2001 in Palmer, Pennsylvania. Plaintiff, Kyle Smith, was injured while assisting in the removal of stumps from a residence. Ariens Company (hereinafter "Arines") was the manufacturer of the stump grinder that was being used to remove the stumps.

2. In plaintiff's Amended Complaint, he alleged that he has "undergone great physical and mental anguish and he will continue to endure the same for an indefinite time in the future . . ." See Plaintiff's Amended Complaint at ¶¶ 22, 32, at true and correct copy of which is attached hereto as Exhibit "A."

3. Plaintiff also alleges a loss earnings and loss of earning capacity. Id. at ¶¶ 24, 34.

4. Ariens Company (hereinafter "Arines") forwarded a Request for Production of Documents and Interrogatories Set I to plaintiff's counsel by correspondence dated August 19, 2003. A true and correct copy of the Correspondence from Leland I. Kellner, Esquire, to S. Richard Klinges, Esquire, dated August 19, 2003, a true and correct copy of which is attached hereto as Exhibit "B."

5. Requests for Production number 16 requested the following:

> Provide true and accurate copies of plaintiff, Kyle Smith's, Federal Income Tax Returns filed years 1996 through 2003 inclusive for plaintiff, whether filed jointly or separately, including all riders, amendments, modifications, schedules or exhibits thereto or a duly-executed authorization to examine the foregoing.

See Ariens' Request for Production at number 16, a true and correct copy of which is attached hereto as Exhibit "C." Plaintiff did not produce the requested information and replied that he "[w]ill supplement when returns are available." See Plaintiff's Response to Ariens Request for Production at number 16, a true and correct copy of which is attached hereto as Exhibit "D." To date, plaintiff has not produced any of the requested materials.

6. Request for Production number 22 requested the following:

> The W-2s for plaintiff for the five (5) year period preceding the incident and since the incident for plaintiff.

See Exhibit "C" at number 22. Plaintiff did not produce the requested information, replying that he "[w]ill supplement." See Exhibit "D" at number 22. To date, plaintiff has not produced any of the requested materials.

7. Ariens also requested that plaintiff provide the following:

> Authorization to obtain the plaintiff, Kyle Smith's, employment records generated by any and all of said plaintiff's employers, five (5) years prior to the date of the

- 2 -

occurrence at issue in this litigation and to the present, relative to any employment by him during that time frame.

See Exhibit "C" at number 28. Plaintiff responded by indicting that "[n]o authorization [was] provided." See Exhibit "D" at number 28.

8. Request for Production number 27 requested:

Furnish copies of all medical reports, records, diagnoses, prognoses, as well as hospital records, x-rays, charts and duly-executed authorizations to examine any and all of the aforementioned for plaintiff, Kyle Smith, in connection with any medical, hospital, psychiatric, psychological and/or therapeutic care or treatment that he may have received during his lifetime.

See Exhibit "C" at number 27. Plaintiff responded by objecting, on the grounds that the request was "overboard and seeks information which is unrelated to this claim." See Exhibit "D" at 27.

9. Request for Production number 38 requested the following:

Authorization to obtain the plaintiff, Kyle Smith's, medical records generated by any and all of said plaintiff's medical providers, which provided any treatment as a result of the occurrence that gave rise to this litigation.

See Exhibit "C" at number 38. Plaintiff responded by claiming that no authorizations were provided. See Exhibit "D" at 38.

10. During the course of discovery, Ariens sent subpoenas to plaintiff's medical providers. In response, many of the medical providers requested an authorization for plaintiff to execute before they would release the records.

11. On December 4, 2003, counsel for Ariens provided plaintiff's counsel with general employment and medical authorizations, as well as authorizations from PA Medical Assistance and the Social Security Administration. See Letter from Leland I. Kellner, Esquire to Richard Klinges, III, Esquire,

- 3 -

dated December 4, 2003 with attached authorizations, a true and correct copy of which is attached hereto as Exhibit "E."

12. After sending three letters and making numerous telephone calls over the course of several months, plaintiff's counsel provided redacted versions of the authorizations. See Redacted Authorizations, true and correct copies of which are attached hereto as Exhibit "F." Plaintiff redacted information pertaining to his psychological, psychiatric, and substance abuse records.

13. On July 7, 2004, an authorization for Quest Diagnostics was provided to plaintiff. Plaintiff has failed to execute this authorization. Also, Ariens requested that plaintiff execute the unredacted authorizations which it originally provided. See Letter from Owen C.J. Foster, Paralegal to Richard Klinges, III, Esquire, dated July 7, 2004, with attachment, a true and correct copy of which is attached hereto as Exhibit "G."

14. During the course of discovery, records indicated that plaintiff ingested a large quantity of a controlled substance the night before the incident.

15. The information requested is clearly related to this claim. Pursuant to the applicable Federal Rule of Civil Procedure:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

See F.R.Civ. Pro. 26(d)(1).

16. Plaintiff has failed to establish that any of the requested information is privileged.

17. Plaintiff's medical history is relevant to his medical condition prior to, and after, the incident. Similarly, records of plaintiff's psychiatric, psychological and therapeutic care or treatment are relevant to

- 4 -

this action because plaintiff is alleging that he sustained mental anguish as a result of this incident. Thus, plaintiff's redaction of this material was improper.

18.  Plaintiff's employment history is relevant to plaintiff's allegations of lost earnings and earning capacity.

19.  Plaintiff's use of controlled substances is also relevant to this claim. Plaintiff admitted that he used a controlled substance the night before this incident. Thus, the redacted information regarding plaintiff's drug treatment and counseling are discoverable in this case.

20.  Federal Rule of Civil Procedure 37(a), in pertinent parts, provides:

> "A party, upon reasonable notice to other parties . . . may apply for an order compelling disclosure or discovery . . . (2)(B) . . . if a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection, the discovering party may move for and order compelling an answer . . . or an order compelling inspection in accordance with the request."

21.  Local Civil Rule 26.1(f) provides:

> "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."

See also F.R.Civ.P. 37(a)(2)(B).

22.  Despite the attempts of Ariens to compel this outstanding information (including the unredacted authorizations), without judicial intervention, plaintiff has not provided the requested discovery, nor has he provided any reason why he has not provided any responses to this discovery.

**LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO • ATTORNEYS AT LAW**
SUITE 500, 190 N. INDEPENDENCE MALL WEST, 6TH AND RACE STREETS
PHILADELPHIA, PA  19106
(215) 627-0303

23. Ariens has been unduly prejudiced by plaintiff's failure to comply with discovery requests in this case. Ariens lacks sufficient information to respond to plaintiff's allegations. Without plaintiff's responses to the outstanding discovery, Ariens cannot prepare an adequate defense in this case.

24. A court order compelling plaintiff to provide the outstanding discovery, including executed unredacted authorizations, is necessary.

25. Discovery is scheduled to end on July 30, 2004.

WHEREFORE, it is respectfully requested that this Honorable Court enter an order compelling the plaintiff to provide full and complete responses to Ariens' Requests for Production, including executed unredacted authorizations.

                                                            Respectfully submitted,

                                                            LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

DATE: _____                                        BY:_____(HWD2052)
                                                          Gerard Cedrone, Esquire
                                                          Leland I. Kellner, Esquire
                                                          Howard W. Donahue, Jr., Esquire
                                                          Attorneys for Defendant,
                                                          Ariens Company

#806316

- 6 -

**LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO • ATTORNEYS AT LAW**
SUITE 500, 190 N. INDEPENDENCE MALL WEST, 6TH AND RACE STREETS
PHILADELPHIA, PA 19106
(215) 627-0303

**CERTIFICATION OF SERVICE**

I, Howard W. Donahue, Jr., Esquire, hereby certify that a true and correct copy of the within Motion of Defendant, Ariens Company, to Compel was forwarded to counsel identified below, by first-class U.S. mail, postage pre-paid, on the _____ day of _____, 2004:

S. Richard Klinges, Esq.
Begley, Carlin & Mandio, LLP.
680 Middletown Blvd.
Langhorne, PA  19047
*Attorney for Plaintiff, Kyle Smith*

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

BY:_____(HWD2052)
Howard W. Donahue, Jr., Esquire
Suite 500
190 North Independence Mall West
6th and Race Streets
(215) 627-0303
Attorney for Defendant,
Ariens Company

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYLE SMITH | : |
| | : CIVIL ACTION - LAW |
| | : |
| v. | : |
| | : No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | : |
| | : |
| and | : |
| | : |
| ARIENS COMPANY | : |
| | : |

**CERTIFICATION OF COUNSEL**

Counsel for defendant, Ariens Company, certifies that after reasonable effort the parties are unable to resolve this discovery dispute.

                                                                     LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

                                                             BY:_____(HWD2052)
                                                                   Gerard Cedrone, Esquire
                                                                   Leland I. Kellner, Esquire
                                                                   Howard W. Donahue, Jr., Esquire
                                                                   190 North Independence Mall West
                                                                   6th and Race Streets
                                                                   (215) 627-0303
                                                                   Attorney for Defendant,
                                                                   Ariens Company