**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYLE SMITH, : | |
| : | |
| *Plaintiff,* : | |
| : | |
| v. : | |
| : | CIVIL ACTION |
| PROMARK PRODUCTS WEST, INC. : | |
| : | NO. 02-CV-2718 (RLB) |
| and : | |
| : | |
| ARIENS COMPANY, : | |
| : | |
| *Defendant.* : | |
| : | |

**ORDER**

AND NOW, this _____ day of _____, 2004, upon consideration of the Motion of Defendant, Ariens Company, to Preclude the Records, Reports and Testimony of Plaintiff's Treating Physicians and Experts and Motion to Compel Authorizations for Substance Abuse Treatment, any response thereto, it is hereby ORDERED that plaintiff is precluded from introducing at trial any evidence, reports, records or testimony of any treating physicians and experts, including Barry Snyder, M.D., Patrick Brogle, M.D., Phillip Spergel, Ed.D., regarding any emotional and mental damages allegedly sustained by plaintiff as a result of this incident, and it is FURTHER ORDERED that plaintiff shall identify all institutions were he has undergone any substance abuse treatment and provide authorizations for records from those entities. Plaintiff has ten (10) days to comply with this Order.

BY THE COURT:

_____
**HONORABLE RONALD L. BUCKWALTER**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYLE SMITH,** | : | |
| *Plaintiff,* | : | |
| v. | : | |
| **PROMARK PRODUCTS WEST, INC.** | : | CIVIL ACTION |
| and | : | NO. 02-CV-2718 (RLB) |
| **ARIENS COMPANY,** | : | |
| *Defendant.* | : | |

**DEFENDANT'S, ARIENS COMPANY, INC., MOTION TO PRECLUDE THE RECORDS, REPORTS AND TESTIMONY OF PLAINTIFF'S EXPERTS ALLEGED EMOTIONAL DAMAGES AND LOSS OF EARNINGS AND ANY EVIDENCE IN SUPPORT OF PLAINTIFF'S EARNING CAPACITY CLAIMS AND TO COMPEL THE IDENTITY AND RECORDS OF INSTITUTIONS PROVIDING SUBSTANCE ABUSE TREATMENT**

Defendant, Ariens Company, through its attorneys, Lavin, O'Neil, Ricci, Cedrone & DiSipio, moves this Honorable Court pursuant to the Federal Rules of Civil Procedure 37(b)(2) and Local Civil Rule 26.1 for an Order precluding plaintiff from introducing at trial any evidence, reports, records or testimony of anyone, including treating physicians and experts including Barry Snyder, M.D., Patrick Brogle, M.D., Phillip Spergel, Ed.D., regarding any emotional and mental damages allegedly sustained by plaintiff as a result of this incident, to preclude any records, reports or testimony concerning any alleged loss of earnings or earning capacity and compelling plaintiff to identify all institutions were he has undergone any substance abuse treatment and provide authorizations for records from those entities, and in support thereof states as follows:

1.     This is a complex product liability action arising out of an incident that occurred on September 8, 2001 in Palmer, Pennsylvania.  Plaintiff, Kyle Smith, became involved with the cutting wheel of a tree stump removal machine while it was being operated by his friend, Karl Kirchoffer.  Plaintiff sustained a fracture of his lower right leg.  This is the latest in a series of discovery issues involving plaintiff's failure to provide timely discovery in this case.

2.     On or around July 23, 2004, Ariens filed a Motion to Compel Full and Complete Responses to Request for Production after plaintiff failed to provide authorizations for information requested during discovery which pertained to plaintiff's psychological, psychiatric, and substance abuse records as well as copies of this Federal Income Tax Returns.

3.     On August 11, 2004, the Court ordered plaintiff to produce true and accurate copies of his Federal Income Tax Returns for years 1996 through 2003 and "fully executed medical authorizations for all medical records relating to Plaintiff written within ten (10) years of the date of Plaintiff's accident sued upon herein.  These medical authorizations shall include psychiatric records, but will not include any records relating to substance abuse treatment and/or rehabilitation.  Plaintiff has ten (10) days to comply with this order." (See Order of Court dated August 11, 2004, a true and correct copy of which is attached hereto as Exhibit "A.")

4.     On August 19, 2004, in response to plaintiff's request, Ariens provided plaintiff with copies of the authorizations to sign. (See Correspondence from Howard W. Donahue, Jr., Esquire, to S. Richard Klinges, Esquire, dated August 19, 2004, with attached Authorizations, a true and correct copy of which is attached hereto as Exhibit "B.")  To date, plaintiff has not provided executed copies of these authorizations.  Similarly, plaintiff has not provided any Federal Income Tax, despite being instructed to do so by the Court.

5. Federal Rule of Civil Procedure 37 lists the sanctions that may be imposed when a party fails to provide discovery.

6. Federal Rule of Civil Procedure 37(b) provides the sanctions that may be imposed when a party fails to obey a court order.

7. Rule 37(b)(2) provides, in pertinent part, the following sanctions:

> B. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence.

8. Plaintiff has identified Dr. Patrick Brogle and Dr. Barry Snyder as medical experts in this case and Phillip Spergel, Ed.D., as a vocational expert. These experts all offer opinions on alleged emotional damages that plaintiff sustained as a result of this incident.

9. According to Rule 37(b)(2)(B), plaintiff should be precluded from introducing the reports, records and testimony of Dr. Brogle, Dr. Snyder and Mr. Spergel, as well as all other records from other providers, into evidence in this case. Plaintiff has outright ignored this Court's Order of August 11th. He should not be permitted to benefit from his misconduct. If the records and reports of plaintiff's physicians, psychologists, psychiatrists and experts are admitted into evidence, they would control the issue of emotional damages in this case. The prejudice that would result to Ariens is undeniable. As such, Ariens respectfully requests that the Court enter an Order precluding plaintiff from admitting any of his medical, psychological and psychiatric records into evidence, as well as the reports, records and testimony of Dr. Brogle, Dr. Snyder and Mr. Spergel.

10. Similarly, plaintiff should be precluded from introducing any evidence, including the report and testimony of Mr. Spergel, at trial concerning his alleged loss of earnings and earning capacity claims due to his knowing failure to produce any Federal Income Tax Returns as directed by this Court.

3

11. Although this Court has denied a previous application by Ariens for records concerning plaintiff's substance abuse, plaintiff has submitted a report of a vocational expert, Phillip Spergel, since that motion. In this report, Mr. Spergel evaluates the employability of Mr. Smith. Certainly, plaintiff's history of substance abuse would impact his eligibility for some positions and well as impact his ability to perform certain task.

12. Pursuant to the applicable Federal Rule of Civil Procedure:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

See F.R.Civ. Pro. 26(d)(1).

13. The identity and records in the possession of the institutions that treated plaintiff's substance abuse are relevant to plaintiff's loss of earning capacity claim. More specifically, it is relevant to plaintiff's employability. Plaintiff also may have provided another version of how this incident happened to those treating him.

14. Plaintiff has failed to establish that any of the requested information is privileged.

15. Local Civil Rule 26.1(f) provides:

> "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."

See also F.R.Civ.P. 37(a)(2)(B).

16. Despite the attempts of Ariens to compel this information from plaintiff without judicial intervention, plaintiff has not provided the Federal Tax Returns or the Authorizations that he was ordered by this Court to produce.

17.     Ariens has been unduly prejudiced by plaintiff's failure to provide the Tax Returns and Authorizations. Ariens lacks sufficient information to respond to plaintiff's allegations. Without this information, Ariens cannot prepare an adequate defense in this case.

18.     Making plaintiff's conduct all the more egregious is that fact that this case is scheduled to be placed in the trial pool on November 1, 2004.

WHEREFORE, it is respectfully requested that this Honorable Court enter the attached proposed order precluding plaintiff from introducing at trial any evidence, reports, records or testimony of any treating physicians and experts, including Barry Snyder, M.D., Patrick Brogle, M.D., Phillip Spergel, Ed.D., regarding any emotional and mental damages allegedly sustained by plaintiff as a result of this incident, precluding any evidence of plaintiff's loss of earnings or earning capacity claims, and compelling plaintiff to identify all institutions were he has undergone any substance abuse treatment and provide authorizations for records from those entities.

        Respectfully submitted,

        **LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

    BY: _____ (HWD2052)
        GERARD CEDRONE, Esquire
        LELAND I. KELLNER, Esquire
        HOWARD W. DONAHUE, JR., Esquire
        Attorneys for Defendant, Ariens Company
        Suite 500
        190 North Independence Mall West
        6th & Race Streets
        Philadelphia, PA  19106
        (215) 627-0303

DATED:  September 29, 2004

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KYLE SMITH,** | : | |
| *Plaintiff,* | : | |
| v. | : | |
| **PROMARK PRODUCTS WEST, INC.** | : | CIVIL ACTION |
| and | : | NO. 02-CV-2718 (RLB) |
| **ARIENS COMPANY,** | : | |
| *Defendant.* | : | |

**CERTIFICATION OF COUNSEL**

Counsel for defendant, Ariens Company, certifies that after reasonable effort the parties are unable to resolve this discovery dispute.

                              **LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

                BY: _____ (HWD2052)
                      GERARD CEDRONE, Esquire
                      LELAND I. KELLNER, Esquire
                      HOWARD W. DONAHUE, JR., Esquire
                      Attorneys for Defendant, Ariens Company
                      Suite 500
                      190 North Independence Mall West
                      6th & Race Streets
                      Philadelphia, PA  19106
                      (215) 627-0303

DATED:  September 29, 2004

822842v1

**CERTIFICATION OF SERVICE**

    I, Howard W. Donahue, Jr., Esquire, hereby certify that a true and correct copy of the within Motion of Defendant, Ariens Company, Motion to Preclude the Records, Reports and Testimony of Plaintiff's Expert Alleged Emotional Damages and Loss of Earnings and Earning Capacity Claims and to Compel the Identity and Records of Institutions Providing Substance Abuse Treatment, by first-class U.S. mail, postage pre-paid, on the _____ day of _____, 2004:

    S. Richard Klinges, Esq.

    Begley, Carlin & Mandio, LLP.

    680 Middletown Blvd.

    Langhorne, PA  19047

    Attorney for Plaintiff, Kyle Smith


    _____(HWD2052)

    Howard W. Donahue, Jr., Esquire

    Attorney for Defendant, Ariens Company