**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYLE SMITH, | : |
| *Plaintiff,* | : |
| v. | : |
| PROMARK PRODUCTS WEST, INC. | : CIVIL ACTION |
| and | : NO. 02-CV-2718 (RLB) |
| ARIENS COMPANY, | : |
| *Defendant.* | : |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the Motion of Defendant, Ariens Company, to Compel a Medical Examination of Plaintiff, Kyle Smith, Extend Expert Discovery, Sanctions and to Preclude the Records, Reports and Testimony of Plaintiff's Treating Physicians and Experts, any response thereto, it is hereby ORDERED that plaintiff shall be produced at the offices of Jack Bocher, M.D., 402 McFarlan Road, Suite 100, First Floor, Kennett Square, Pennsylvania, on October 19, 2004 , beginning at 9:30 a.m. for a medical examination of plaintiff; and it is FURTHER ORDERED that Ariens Company has ten (10) days from the date of the medical examination to submit the report of Jack Bocher, M.D.; and it is FURTHER ORDERED that plaintiff, Kyle Smith, is to pay Ariens Company $450.00 for the fee of Jack Bocher, M.D., resulting from plaintiff's failure to show at the examination scheduled for September 28, 2004, or, in the alternative, IT IS ORDERED that plaintiff is precluded from introducing any reports, records or testimony of any treating physicians and medical experts, including Barry Snyder, M.D., Patrick Brogle, M.D. and Phillip Spergel, Ed.D.

**BY THE COURT:**

_____
**HONORABLE RONALD L. BUCKWALTER**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH,** | : |
| *Plaintiff,* | : |
| v. | : |
| **PROMARK PRODUCTS WEST, INC.** | : CIVIL ACTION |
| and | : NO. 02-CV-2718 (RLB) |
| **ARIENS COMPANY,** | : |
| *Defendant.* | : |

**DEFENDANT'S, ARIENS COMPANY, INC., MOTION TO COMPEL PLAINTIFF'S ATTENDANCE AT A MEDICAL EXAMINATION, EXTEND EXPERT DISCOVERY, SANCTIONS AND TO PRECLUDE THE REPORTS AND TESTIMONY OF <u>PLAINTIFF'S TREATING PHYSICIANS AND EXPERTS</u>**

Defendant, Ariens Company, through its attorneys, Lavin, O'Neil, Ricci, Cedrone & DiSipio, moves this Honorable Court pursuant to the Federal Rules of Civil Procedure 35 and 37(b)(2) and Local Civil Rule 26.1 for an Order compelling plaintiff to attend a medical examination, an extension of the expert report deadline, sanctions for failing to attend a medical examination scheduled for September 28, 2004, or, in the alternative, for an Order precluding plaintiff from introducing into evidence any records, reports and testimony of any treating physicians and experts, and in support thereof states as follows:

1. This is a complex product liability action arising out of an incident that occurred on September 8, 2001 in Palmer, Pennsylvania. Plaintiff, Kyle Smith, became involved with the cutting wheel of a tree stump removal machine while it was being operated by his friend, Karl Kirchoffer. Plaintiff sustained a fracture of his lower right leg. This is the latest in a series of discovery issues involving plaintiff's failure to provide timely discovery in this case.

2. After not receiving return phone calls on several occasions, Ariens Company (hereinafter "Ariens") noticed the medical examination of plaintiff, Kyle Smith, by defense orthopedist Dr. Jack Bocher for September 22, 2004. A true and correct copy of the Correspondence from Howard W. Donahue, Jr., Esquire, to S. Richard Klinges, Esquire, dated September 16, 2004, is attached hereto as Exhibit "A."

3. On September 16, 2004, Ariens sent another letter to plaintiff's counsel adjourning the September 22nd examination and rescheduling it for September 28th. A true and correct copy of the Correspondence from Howard W. Donahue, Jr., Esquire, to S. Richard Klinges, Esquire, dated September 16, 2004 is attached hereto as Exhibit "B." Plaintiff did not object to this date.

4. On September 28, 2004, plaintiff failed to show for his examination with Dr. Bocher. Several phone calls were made to the office of plaintiff's counsel to ascertain whether plaintiff intended to appear for this examination. Ariens was advised that plaintiff was aware of the examination and everyone expected his appearance, particularly because he was not scheduled to be at work until 2:00 p.m. However, plaintiff never showed.

5. Pursuant to Federal Rule of Civil Procedure 35(a):

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . ."

6. Here, plaintiff's physical condition and the nature and extent of his recovery are in controversy and an examination of plaintiff is appropriate and necessary for Ariens to prepare a defense to plaintiff's claims. The medical records secured in this case do not evidence any treatment beyond November, 2002. Therefore, plaintiff's current condition is unknown and must be ascertained in this case. Certainly, Dr. Bocher, who has been licensed to practice medicine in

2

Pennsylvania since 1967 and has been a member of the American Board of Orthopedic Surgery since the same year, is a "suitably licensed or certified examiner" under Rule 35.

7. Since Ariens' attempts to compel plaintiff's attendance at the IME pursuant to an agreement failed, Ariens now moves this honorable Court, for good cause shown, for an Order compelling plaintiff's attendance at an IME with Dr. Bocher.

8. Pursuant to this Court's January 29, 2004 Order, Ariens was to provide its expert reports on September 30, 2004. A true and correct copy of the January 29, 2004 Order is attached hereto as Exhibit "C."

9. Ariens' orthopedist, Dr. Bocher, is unable to provide a report regarding the examination until after he has examined plaintiff. Because plaintiff failed to appear for the medical examination on September 28, 2004, any examination will occur after September 30, 2004. This makes plaintiff's failure to attend all the more egregious and prejudicial to Ariens.

10. As such, Ariens' respectfully requests that this Court extend the date on which Ariens' expert reports are to ten days after the medical examination has been completed.

11. Federal Rule of Civil Procedure 37 lists the sanctions that may be imposed when a party fails to provide discovery.

12. Federal Rule of Civil Procedure 37(b) provides the sanctions that may be imposed when a party fails to obey a court order. Although a previous order was not entered on this issue in this case, Rule 37(b) provides guidance as to the sanctions that should be imposed on plaintiff.

13. Rule 37(b)(2) provides, in pertinent part, the following sanctions:

    a. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence.

    b. In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorneys fees, caused by the

failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

14. Due to plaintiff's knowing failure to appear at the medical examination, Ariens will be charged a $450 "no show" fee by Dr. Bocher. This fee should be paid by plaintiff, not Ariens. This fee is a "reasonable expense" contemplated by Rule 37(b)(2)(E). It was plaintiff's failure to attend the examination that resulted in this expense. As such, in the interest of justice, Ariens respectfully moves this Court for an Order compelling plaintiff to pay the $450 fee charged by Dr. Bocher for plaintiff's absence at the medical examination.

15. Lastly, plaintiff has identified Dr. Patrick Brogle and Dr. Barry Snyder as medical experts in this case and Phillip Spergel, Ed.D., as a vocational expert. According to Rule 37(b)(2)(B), plaintiff should be precluded from introducing the reports, records and testimony of Dr. Brogle, Dr. Snyder and Mr. Spergel, as well as all other medical records from other providers, into evidence in this case. It was plaintiff's responsibility to appear before Dr. Bocher for the medical examination. He failed to meet this responsibility and should not be permitted to benefit from his misconduct. If the records and reports of plaintiff's physicians and experts are admitted into evidence, they would control the medical issues in this case. The prejudice that would result to Ariens is undeniable. As such, Ariens respectfully requests that the Court enter an Order precluding plaintiff from admitting any of his medical records into evidence, as well as the reports, records and testimony of Dr. Brogle, Dr. Snyder and Mr. Spergel.

16. Local Civil Rule 26.1(f) provides:

> "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."
> See also F.R.Civ.P. 37(a)(2)(B).

17. Despite the attempts of Ariens to compel plaintiff's attendance at a medical examination without judicial intervention, plaintiff's counsel has not produced plaintiff.

18. Ariens has been unduly prejudiced by plaintiff's failure to appear at an examination in this case. Ariens lacks sufficient information to respond to plaintiff's allegations. Without an examination of plaintiff's current medical condition, Ariens cannot prepare an adequate defense in this case.

19. Making plaintiff's conduct all the more egregious is that fact that this case is scheduled to be placed in the trial pool on November 1, 2004.

WHEREFORE, it is respectfully requested that this Honorable Court enter the attached proposed order compelling plaintiff's attendance at an examination by Ariens' orthopedic expert, extending the due date of Ariens' expert reports, sanctioning plaintiff for failing to appear at the originally scheduled examination and, in the alternative, precluding plaintiff from introducing into evidence any medical records, reports and testimony of treating physicians and experts, including Dr. Patrick Brogle and Dr. Barry Snyder.

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY: _____ (HWD2052)
GERARD CEDRONE, Esquire
LELAND I. KELLNER, Esquire
HOWARD W. DONAHUE, JR., Esquire
Attorneys for Defendant, Ariens Company
Suite 500
190 North Independence Mall West
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303

DATED: September 30, 2004

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE SMITH, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| PROMARK PRODUCTS WEST, INC. | : | CIVIL ACTION |
| | : | |
| and | : | NO. 02-CV-2718 (RLB) |
| | : | |
| ARIENS COMPANY, | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

## CERTIFICATION OF COUNSEL

Counsel for defendant, Ariens Company, certifies that after reasonable effort the parties are unable to resolve this discovery dispute.

                              **LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY: _____ (HWD2052)
      GERARD CEDRONE, Esquire
      LELAND I. KELLNER, Esquire
      HOWARD W. DONAHUE, JR., Esquire
      Attorneys for Defendant, Ariens Company
      Suite 500
      190 North Independence Mall West
      6th & Race Streets
      Philadelphia, PA  19106
      (215) 627-0303

DATED: September 30, 2004

822679v1

## CERTIFICATION OF SERVICE

     I, Howard W. Donahue, Jr., Esquire, hereby certify that a true and correct copy of the within Motion of Defendant, Ariens Company, to Compel a Medical Examination of Plaintiff, Kyle Smith, Extend Expert Discovery, Sanctions and to Preclude the Records, Reports and Testimony of Plaintiff's Treating Physicians and Experts, by first-class U.S. mail, postage pre-paid, on the _____ day of _____, 2004:

S. Richard Klinges, Esq.  
Begley, Carlin & Mandio, LLP.  
680 Middletown Blvd.  
Langhorne, PA  19047  
Attorney for Plaintiff, Kyle Smith

                                                _____(HWD2052)  
                                                Howard W. Donahue, Jr., Esquire  
                                                Attorney for Defendant, Ariens Company