IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH** | : CIVIL ACTION NO. 02-CV-2718 |
| | : |
| vs. | : |
| | : |
| **PROMARK PRODUCTS WEST, INC.** | : |

## ORDER

    **AND NOW,** this _____ day of _____, 2004, upon consideration of the Motion of Defendant, Ariens Company, for a medical examination and for preclusion, and Plaintiff, Kyle Smith's response thereto, it is hereby ORDERED that Defendant's Motion is DENIED.

BY THE COURT:

_____
The Honorable Ronald L. Buckwalter, J.

276282.1
Oct 12 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH** | : CIVIL ACTION NO. 02-CV-2718 |
| | : |
| vs. | : |
| | : |
| **PROMARK PRODUCTS WEST, INC.** | : |

### PLAINTIFF'S ANSWER TO DEFENDANT ARIENS COMPANY, INC.'S MOTION FOR MEDICAL EXAMINATION AND FOR PRECLUSION

1.      Admitted in part; denied in part. It is admitted that this is a product liability action arising out of an incident that occurred on September 8, 2001 in Palmer, Pennsylvania and that the incident involved Plaintiff's lower right leg being fractured and severely cut by a tree stump removal machine. Plaintiff denies that "this is the latest in the series of discovery issues involving Plaintiff's failure to provide timely discovery in this case." Plaintiff has timely provided responses to Defendant's non-objectionable discovery requests in this matter. Moreover, Plaintiff has had to threaten to file motions in order to secure various discovery from Defendant including Initial Disclosures, written discovery responses and the deposition of Defendant's engineer Hugh Grow.

2.      Admitted in part; denied in part. It is admitted that Ariens' counsel sent Plaintiff's counsel a letter dated September 16, 2004 confirming that the IME by Dr. Bocher was to be conducted on September 22, 2004. It is denied that Plaintiff's counsel failed to return phone calls to Ariens on several occasions or that Ariens "noticed" the medical examination of Plaintiff for September 22, 2004. Plaintiff forwarded its expert reports to Ariens' counsel on August 18, 2004. Shortly thereafter, Ariens' counsel communicated a desire to have Plaintiff submit to an IME.

276282.1
Oct 12 2004

Plaintiff's counsel advised that Plaintiff was available for an IME but requested that the IME be scheduled in the morning since Plaintiff begins work at 2:00 p.m. Plaintiff's counsel also requested Ariens' counsel to forward available dates for the IME so that Plaintiff's counsel could schedule the IME with Plaintiff. Plaintiff did not receive any further communication from Ariens' counsel until early September 2004 at which point a date was scheduled for the IME for September 22, 2004. Due to Ariens' counsel's late scheduling of the IME, Plaintiff had to make arrangements to attend the IME on short notice. Thereafter, on September 16, 2004 Plaintiff's counsel received a letter from Ariens' counsel unilaterally rescheduling the IME from September 22, 2004 to September 28, 2004. (Ariens letter, Exhibit "A"). Thus, Plaintiff had to again make arrangements on short notice to attend the IME on September 28, 2004. However, Plaintiff had all intention of appearing on September 28, 2004 for the IME.

    3.      Admitted.

    4.      Admitted in part; denied in part. It is admitted that Plaintiff was unable to appear for his examination with Dr. Bocher on September 28, 2004. However, the allegations of this paragraph are denied to the extent to that they imply that Plaintiff willfully failed to appear for his IME. The only reason that Plaintiff did not appear for his examination was that Plaintiff experienced mechanical problems with his automobile enroute to Dr. Bocher's office.

    5.      The allegations of this paragraph contain conclusions of law to which no response is required.

    6.      Plaintiff lacks sufficient knowledge or information to either admit or deny the allegations of this paragraph. However, Plaintiff does not object and never has objected to submitting to an examination by Dr. Bocher. Indeed, the examination has been rescheduled for October 19, 2004 and Plaintiff will appear for this examination.

7.      Admitted in part; denied in part. It is admitted that Ariens has moved the court for an order compelling Plaintiff's attendance at an IME with Dr. Bocher. However, the allegations of this paragraph are denied to the extent that they imply that Plaintiff willingly failed to appear for his examination.

8.      Admitted.

9.      Admitted in part; denied in part. It is admitted that the examination will occur after September 30, 2004 as the examination has been rescheduled for October 19, 2004. However, the allegations of this paragraph are denied to the extent that they imply that Plaintiff willingly failed to appear for the examination on September 28, 2004 or that such failure to attend was "egregious" or prejudicial to Ariens. Ariens has been in possession of the medical records and reports relevant to this action, including the records and reports of Plaintiff's treating orthopedic surgeon, Patrick Brogel, M.D. for a substantial period of time as Plaintiff forwarded these records to Ariens on June 19, 2003 with Plaintiff's initial disclosure statement. There has been no question since the outset of this case that Plaintiff claims damages for injuries to his right leg sustained in the accident. Plaintiff's counsel forwarded to Ariens' counsel Plaintiff's expert reports on August 18, 2004, which included a report by Barry Snyder, M.D. regarding his examination of Plaintiff and his conclusions as to the injuries that Plaintiff sustained to his right leg and the records and reports of Plaintiff's expert and treating orthopedic surgeon Patrick Brogle, M.D. Shortly thereafter, in response to an inquiry by Ariens Plaintiff advised Ariens that Plaintiff was available for an IME, but requested that the IME be scheduled for the morning to accommodate Plaintiff's work schedule. Despite the fact that the nature of Plaintiff's injuries has been clear since the outset of this action and Ariens therefore has had substantial opportunity to have examinations of Plaintiff completed and Ariens' counsel knew that Ariens' expert deadline expired on October 1, 2004, Ariens counsel waited until early September, 2004 to schedule the IME for September 22, 2004. Thereafter, Ariens cancelled the IME scheduled for September 22, 2004 and rescheduled the examination for September 28, 2004, only two days prior to Ariens' expert deadline. Ariens was thus dilatory in waiting until the last possible moment to have the IME completed and such dilatoriness left no room for error for any

exigencies that could occur, such as the mechanical difficulties that Plaintiff experienced with his automobile enroute to the examination on September 28, 2004. Therefore, while Plaintiff's inability to appear for the examination on September 28, 2004 was unfortunate, Ariens has only itself to blame for not having the examination performed in a timely manner.

10. While Plaintiff does not object to the submission of Dr. Bocher's report subsequent to Ariens expert deadline since the examination is scheduled to take place on October 19, 2004, Plaintiff does object to a general ten day extension for Ariens' expert deadline. Moreover, Plaintiff objects to the ten day period requested by Ariens. Had the September 28, 2004 examination, which was scheduled by Ariens, been completed, Dr. Bocher would have conceivably completed his report within the three day period remaining for Ariens to submit its expert reports. As stated above, Dr. Bocher's examination has been scheduled for October 19, 2004 and this matter is scheduled to be placed on the trial list on November 1, 2004. Therefore, if Dr. Bocher is granted ten days to complete his report, Plaintiff will not obtain it until October 29, 2004. This would leave Plaintiff with little or no opportunity to rebut any conclusions or opinions reached by Dr. Bocher. Consequently, the deadline should be extended only to allow the production of Dr. Bocher's report on or before October 22, 2004.

11. Federal Rule of Civil Procedure 37, being in writing, speaks for itself.

12. Federal Rule of Civil Procedure 37(b), being in writing, speaks for itself. Moreover, it is denied that any sanctions should be imposed on Plaintiff. Under Rule 37, sanctions may only be imposed when a party fails to obey court order and as recognized by Ariens, no order to compel the IME was entered in this case. Moreover, as explained above, Plaintiff did not willfully fail to appear for his examination and the fact that this examination is being completed at this late date has been caused by Ariens' dilatory behavior in requesting and scheduling the examination.

13. Federal Rule of Civil Procedure 37, being in writing, speaks for itself.

14. Admitted in part; denied in part. Plaintiff denies that Plaintiff knowingly or willfully failed to appear at the medical examination as explained above and Plaintiff further denies that any sanctions should be issued against Plaintiff due to the fact that he was unable to appear for the examination as a result of mechanical difficulties with his automobile. However, in a showing of good faith, Plaintiff agrees to pay Dr. Bocher the $450.00 fee for his inability to appear for the examination.

15. Admitted in part; denied in part. It is admitted that Plaintiff has identified Dr. Patrick Brogel, and Dr. Barry Snyder as medical experts in this case and Philip Spergel, Ed.D. as a vocational expert. It is denied that Plaintiff should be sanctioned in the form of an order precluding Plaintiff from introducing the reports, records and testimony of Dr. Brogel, Dr. Snyder and Dr. Spergel and all other medical records from other providers into evidence into this case. Preclusion of expert witnesses is an extreme and drastic sanction which is not to be imposed absent a showing of willful deception or flagrant disregard of a court order or if the facts make it absolutely necessary to do so. In Re Paoli 35 F. 3d 717, 791-92 (3d Cir. 1994); Royster v. McGowen Ford, Inc., 294 Pa. Super. 160, 169, 439 A.2d 799, 804 (1982); Perkasie Industries Corp. v. Advance Transformer, Inc., 143 F.R.D. 73, 75 (E.D. Pa. 1993); Kearns v. DeHaas, 377 Pa. Super. 200, 210, 546 A.2d 1266, 1231 (1988); Chladek v. Milligan, 1998 WL 334699 (E.D. Pa. 1998); Gibson v. Nat'l Railroad Passenger Corp., 176 F.R.D. 190, 191 (E.D. Pa. 1997).

As explained above, Plaintiff did not willfully fail to appear for his examination and the time pressure that Ariens complains about in having the examination completed and obtaining a report from Dr. Bocher was caused by Ariens' dilatoriness in scheduling the examination at the last instance where it has been aware of the nature of Plaintiff's injuries for approximately sixteen months dating back to June 19, 2003 when Plaintiff's medical records were provided to Ariens' counsel. Moreover, Ariens will not be prejudiced. The examination with Dr. Bocher has been rescheduled to October 19, 2004, which will enable Ariens to obtain a report from Dr. Bocher on the subject of Plaintiff's current physical condition. Further, the records, reports and testimony by Dr. Brogel and Dr. Snyder will in large part consist of the subject of Plaintiff's past injuries as a result

of the accident involved herein. Ariens would obviously not be prejudiced by any such testimony or evidence since Ariens has long possessed Plaintiff's medical records and reports relevant to this action. Ariens' request for preclusion of Dr. Brogel's and Dr. Snyder's reports and testimony is thus unfounded.

Ariens' request for preclusion of Dr. Spergel's reports and testimony is not only without justification, but is completely frivolous. It is incredible that Ariens would request that the reports and testimony of Dr. Spergel, a vocational expert who will testify regarding Plaintiff's lost earning capacity, be precluded based upon the fact that an examination of Plaintiff by an orthopedic surgeon has not been completed. Ariens' recent motions for preclusion establish that Ariens is merely attempting by any means to avoid the merits of this case where there is no reasonable basis for preclusion. Ariens' motion to preclude Plaintiff's expert evidence should be denied.

16.     Local Civil Rule 26.1, being in writing, speaks for itself.

17.     Denied. As explained above, Plaintiff's counsel has been freely willing to produce Plaintiff and Plaintiff intended to appear for his examination, but was unable to appear at Dr. Bocher's office due to the unforeseeable exigency of mechanical difficulties relating to Plaintiff's automobile.

18.     Denied. It is denied that Ariens has been prejudiced by Plaintiffs inability to appear for the examination. See Plaintiff's answer to paragraphs 9 and 15 above. It is further denied that Ariens lacks sufficient information to respond to Plaintiff's allegations or that Ariens cannot prepare and adequate defense in this case. Ariens has been in possession of Plaintiff's medical records and has thus been aware of the nature of Plaintiff's injuries since June 19, 2003. Additionally, Dr. Bocher's examination has been rescheduled for October 19, 2004.

19.     Admitted in part; denied in part. It is admitted that the case is scheduled in the trial pool on November 1, 2004. However, it is denied that Plaintiff's conduct is egregious. Plaintiff did not willfully fail to appear for his examination and the fact that the examination is taking place at this late date is the fault of no one but Ariens since Ariens waited until the last instance to have the

examination conducted where it has been aware of the nature of Plaintiff's injuries for approximately sixteen months.

      WHEREFORE, Plaintiff, Kyle Smith, respectfully requests that this Honorable Court deny Defendant Ariens' instant motion.

                                BEGLEY, CARLIN & MANDIO, LLP

                                By: _____
                                S. Richard Klinges, III, Esquire
                                Attorney I.D. #02018
                                Todd M. Sailer, Esquire
                                Attorney I.D. #86013
                                680 Middletown Boulevard
                                Langhorne, PA 19047
                                (215) 750-0110

276282.1
Oct 12 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH** | : CIVIL ACTION NO. 02-CV-2718 |
| | : |
| vs. | : |
| | : |
| **PROMARK PRODUCTS WEST, INC.** | : |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Answer to Motion of Defendant, Ariens Company for Medical Examination and for Preclusion was sent by First Class Mail, postage prepaid to the following:

Howard Donahue, Jr., Esquire
Lavin, Coleman, O'Neil, Ricci
Penn Mutual Tower, Suite 1000
510 Walnut Street
Philadelphia, PA 19106

_____
Todd M. Sailer, Esquire

Date: 10/12/04

# EXHIBIT "A"

## LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

ATTORNEYS AT LAW
SUITE 500
190 NORTH INDEPENDENCE MALL WEST
6TH & RACE STREETS
PHILADELPHIA, PA 19106
(215) 627-0303

FAX: (215) 627-2551
WWW.LAVIN-LAW.COM

NEW YORK OFFICE
420 LEXINGTON AVENUE
GRAYBAR BUILDING
SUITE 2900
NEW YORK, NY 10170
(212) 319-6898

FAX: (212) 319-6932

NEW JERSEY OFFICE
SUITE 103
307 FELLOWSHIP ROAD
MT. LAUREL, NJ 08054
(856) 778-5544

FAX: (856) 793-0237

WRITER'S DIRECT DIAL NUMBER
(215) 351-7903

WRITER'S E-MAIL ADDRESS
HDX@LAVIN-LAW.COM

September 16, 2004

<u>**Via Facsimile**</u>

Mr. S. Richard Klinges, Esquire
Begley, Carlin &Mandio, LLP
680 Middletown Blvd.
Langhorne, PA 19047

  RE:  Smith v. Ariens
     3238-13970

Dear Mr. Klinges:

  As a follow-up to my letter dated September 16, 2004, please be advised that defendant's orthopedist is not available on September 22, 2004, as originally indicated. As such, the IME of plaintiff Kyle Smith will take place on September 28th, at 9:30 a.m., at 402 McFarlan Road, Suite 100, First Floor, Kennett Square, PA.

  Thank you for your attention to this matter.

Very truly yours,

HOWARD W. DONAHUE, JR.

HDX/pmw
cc:  Leland I. Kellner, Esquire

820122v1