IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH** | : CIVIL ACTION NO. 02-CV-2718 |
| | : |
| vs. | : |
| | : |
| **PROMARK PRODUCTS WEST, INC.** | : |

## ORDER

**AND NOW,** this          day of                    , 2004, upon consideration of the Motion of Defendant, Ariens Company, to preclude the records, reports and testimony of Plaintiff's treating physicians and experts and Motion to Compel authorizations for substance abuse treatment, and Plaintiff, Kyle Smith's response thereto, it is hereby ORDERED that Defendant's Motion is DENIED.

BY THE COURT:

_____
The Honorable Ronald L. Buckwalter, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH** | : CIVIL ACTION NO. 02-CV-2718 |
| | : |
| vs. | : |
| | : |
| **PROMARK PRODUCTS WEST, INC.** | : |

### PLAINTIFF'S ANSWER TO DEFENDANT ARIENS COMPANY, INC.'S MOTION FOR PRECLUSION AND TO COMPEL THE IDENTITY AND RECORDS OF INSTITUTIONS PROVIDING SUBSTANCE ABUSE TREATMENT

1. Admitted in part; denied in part. It is admitted that this is a product liability action arising out of an incident that occurred on September 8, 2001 in Palmer, Pennsylvania and that the incident involved Plaintiff's lower right leg being fractured and severely cut by a tree stump removal machine. Plaintiff denies that "this is the latest in the series of discovery issues involving Plaintiff's failure to provide timely discovery in this case." Plaintiff has timely provided responses to Defendant's non-objectionable discovery requests in this matter. Moreover, Plaintiff has had to threaten to file motions in order to secure various discovery from Defendant including initial disclosures, written discovery responses and the deposition of Defendant's engineer Hugh Grow.

2. Admitted in part; denied in part. It is admitted that Ariens filed a Motion to Compel Full and Complete Responses to Request for Production on or around July 23, 2004. It is denied that Plaintiff failed to provide authorizations for information requested pertaining to Plaintiff's psychological, psychiatric and substance abuse records as well as copies of his Federal Income Tax Returns. Plaintiff provided executed authorizations to defense counsel on or around June 10, 2004.

275909.1
Oct 12 2004

(See Letter, Exhibit "A"). Since Plaintiff is not seeking damages for psychological injuries in connection with this action and since Plaintiff found that information relating to drug and alcohol records is confidential and is completely irrelevant to this claim, Plaintiff redacted those portions of the authorizations which sought these materials. In response, Defendant filed a Motion to Compel Full and Complete Responses to Request for Production seeking to force Plaintiff to permit Defendant to obtain records relating to psychological treatment and substance abuse records. Plaintiff answered Defendant's Motion by stating that Plaintiff was not seeking damages for psychological injuries and that such information is therefore irrelevant to this claim. Plaintiff also stated in his answer that the evidence established that Plaintiff was not under the influence of any drugs or alcohol at the time of the accident involved herein and that any substance abuse records are therefore also not relevant.

Defendant also sought to compel Plaintiff's Federal Income Tax Returns in its previous motion. Plaintiff had answered Defendant's interrogatories stating that Plaintiff will provide such returns. Plaintiff also explained in his answer to this motion that Plaintiff was seeking to locate such returns and that they would be provided as soon as they were obtained. Defendant never contacted Plaintiff's counsel regarding such returns prior to filing its motion. In response to the court's August 11, 2004 order Plaintiff's counsel obtained W-2 forms from Plaintiff and forwarded them to Defendant's counsel on August 18, 2004.

3. The court's order dated August 11, 2004 speaks for itself.

4. Admitted in part; denied in part. It is admitted that Ariens provided Plaintiff with copies of the authorizations to sign on August 19, 2004. It is denied that Plaintiff has willingly failed to provide executed copies of the authorizations and it is further denied that Plaintiff has not provided any federal income tax information. Ariens only provided revised authorizations on August 19, 2004 after Plaintiff's counsel contacted Ariens' counsel on at least two occasions to request that new authorizations be provided. Shortly after the court issued its August 11, 2004 order, Plaintiff's counsel contacted Defendant's counsel and left a voicemail message requesting the authorizations. Plaintiff's counsel also requested Plaintiff to search for additional tax information. Plaintiff's

counsel forwarded W-2 forms for the years 1998, 2001 and 2003 to Defendant's counsel on August 18, 2004 and having not received any authorizations from Defendant's counsel, Plaintiff's counsel also requested that Defendant's counsel fax new authorizations to Plaintiff's counsel for Plaintiff to sign pursuant to the court's order. (Plaintiff's letter dated August 18, 2004, Exhibit "B"). After receiving the authorizations from Ariens' counsel on or around August 19, 2004, Plaintiff's counsel forwarded the authorizations to Plaintiff to be executed and returned to Plaintiff's counsel. Thereafter, Plaintiff's counsel contacted Plaintiff and advised him to forward the signed authorizations to Plaintiff's counsel. However, Plaintiff, who has only a tenth grade education and was determined to have an IQ of 81 by Mr. Spergel, "placing him at the lower end of the dull normal range of intelligence" (Phillip Spergel Report, Exhibit "C"), misunderstood Plaintiff's counsel's instructions, believing that Plaintiff's counsel was referring to authorizations to obtain tax information. This misunderstanding is the sole reason for the delay in providing the authorizations. However, the authorizations have at this point been executed by Plaintiff and forwarded to Ariens' counsel.

Plaintiff provided all of the tax information he possessed. Plaintiff requested federal income tax records from the Internal Revenue Service for the years 1996 to 2003 on August 27, 2004. (See letter to IRS, Exhibit "D"). Thereafter Plaintiff requested information from the Department of the Treasury regarding the requested tax information on September 21, 2004 pursuant to the advice and instructions of the IRS. (See letter to Department of the Treasury, Exhibit "E"). Plaintiff's counsel has not yet received any information pursuant to its requests. Plaintiff is also interested in receiving this information in order to forward it to Plaintiff's expert on economic damages, Phillip Spergel, Ed.D. As soon as this information is obtained it will be immediately forwarded to Ariens' counsel. Therefore, regarding the income tax records, Plaintiff provided as much information as possible pursuant to the Court's August 11, 2004 Order and Plaintiff has actively sought further information regarding Plaintiff's income tax documentation. Plaintiff simply could not provide what Plaintiff did not possess.

5.     The allegations of this paragraph contain conclusions to which no response is required.

6.     The allegations of this paragraph contain conclusions to which no response is required.

7.     The allegations of this paragraph contain conclusions to which no response is required.

8.     Admitted in part; denied in part. It is admitted that Plaintiff has identified Dr. Patrick Brogel and Dr. Barry Snyder as medical experts in this case and Phillip Spergel, Ed.D. as a vocational expert. It is denied that these experts offer opinions on emotional damages sustained by Plaintiff as a result of this incident. This assertion by Defendant is a gross distortion of reality. Dr. Patrick Brogel and Dr. Barry Snyder are orthopaedic surgeons and are offered as experts on Plaintiff's physical injuries only. Dr. Brogel treated Plaintiff subsequent to the accident for the physical injuries to his leg and performed surgeries upon Plaintiff's right leg to treat the wound and fractured tibia. Dr. Brogel did not treat Plaintiff for any emotional damages and contrary to Defendant's assertions, Dr. Brogel does not even mention emotional damages in his chart much less render an opinion on alleged emotional damages.

Similarly, Dr. Snyder evaluated Plaintiff on July 14, 2004 and offered an expert report regarding his opinions of Plaintiff's physical injuries to his right leg. (See Snyder report, Exhibit "F"). The only portion of Dr. Snyder's report that even remotely alludes to emotional damages is a sentence included by Dr. Snyder regarding his review of records which states "psychological management was given in addition to post-operative wound care" at Good Shepard Rehabilitation Hospital. This does not constitute an opinion regarding Plaintiff's alleged emotional damages. Dr. Snyder is being offered as an expert in orthopedic surgery regarding Plaintiff's physical injuries to his right leg only. He does not offer an opinion in his report relating to emotional damages and he will not be offered to testify regarding emotional damages at the trial of this matter.

Likewise, Dr. Spergel is not being offered to render an opinion regarding emotional damages. Dr. Spergel is a vocational expert who will testify regarding Plaintiff's lost earning capacity as a result of the physical injuries to his right leg. While Dr. Spergel makes references to depression in his report regarding Plaintiff's history, Dr. Spergel does not render any opinions in his report regarding psychological or emotional injury. (Spergel report, Exhibit "C").

9. Denied. It is denied that the testimony or reports of Plaintiff's experts should be precluded. Preclusion of expert witnesses is an extreme and drastic sanction which is not to be imposed absent a showing of willful deception or flagrant disregard of a court order or if the facts make it absolutely necessary to do so. In Re Paoli 35 F. 3d 717, 791-92 (3d Cir. 1994); Royster v. McGowen Ford, Inc., 294 Pa. Super. 160, 169, 439 A.2d 799, 804 (1982); Perkasie Industries Corp. v. Advance Transformer, Inc., 143 F.R.D. 73, 75 (E.D. Pa. 1993); Kearns v. DeHaas, 377 Pa. Super. 200, 210, 546 A.2d 1266, 1231 (1988); Chladek v. Milligan, 1998 WL 334699 (E.D. Pa. 1998); Gibson v. Nat'l Railroad Passenger Corp., 176 F.R.D. 190, 191 (E.D. Pa. 1997). Defendant's request for preclusion should be denied since Plaintiff has not acted in bad faith or with willful deception or flagrant disregard of the court's order and Defendant has not been prejudiced. As stated above, neither Dr. Brogel, Dr. Snyder or Dr. Spergel are being offered as experts regarding emotional damages in connection with this action. Dr. Brogel and Dr. Snyder are orthopedic surgeons who will testify on the subject of Plaintiff's physical injuries to his right leg only. Dr. Spergel is a vocational expert who will only testify regarding Plaintiff's lost earning capacity as a result of his physical injuries sustained in this case. Plaintiff has repeatedly stated that Plaintiff is not seeking damages for psychological damages in connection with this case. Therefore, Ariens' complaint that it has not obtained psychological records should have no bearing upon the admissibility of the testimony of Drs. Brogel, Snyder and Spergel.

It is further denied that Plaintiff "has outright ignored this court's order of August 11th." As stated above, Plaintiff sent Ariens' counsel all of the federal income tax information that Plaintiff was able to obtain and has sent requests to the IRS and Department of the Treasury in an attempt to obtain the information sought by Ariens. Further, Plaintiff's counsel had to request Ariens' counsel

to forward new authorizations to Plaintiff's counsel on at least two occasions after receiving the court's August 11, 2004 order before Ariens' counsel responded. Plaintiff's counsel forwarded the authorizations to Plaintiff, but unfortunately Plaintiff confused the authorizations with the request for tax information which he had provided. However, the authorizations have been executed and forwarded to Ariens' counsel.

It is further denied that Ariens would be in any way prejudiced if the records and reports of Plaintiff's experts are admitted into evidence. Again, Plaintiff is not seeking compensation for any psychological damages in connection with this case. Plaintiff's experts are not being offered as experts regarding psychological or emotional damages, but are only being offered to testify regarding Plaintiff's physical damages and his lost earning potential as a result of these injuries. The remedy sought by Ariens of preclusion of all of Plaintiff's medical experts and his expert regarding his lost earning potential is a severely drastic one and is clearly unwarranted. Defendant is merely making a desperate attempt to avoid the merits of this action through a groundless request for preclusion. The circumstances involved herein do not justify such an unfair and unjust result.

10. Denied. As stated above, Plaintiff provided all of the wage and tax information though he was able to obtain in response to the court's August 11, 2004 Order. Plaintiff was unable to locate any other information. The information provided to Defendant's counsel is the same information that was relied upon by Dr. Spergel to calculate Plaintiff's lost earning capacity. (See Exhibit "C"). Plaintiff has submitted requests to the IRS and the Department of Treasury to obtain Plaintiff's income tax information for the years 1996 to 2003. As soon as this information is obtained it will be readily forwarded to Ariens' counsel.

11. Admitted in part; denied in part. It is admitted that this court has denied a previous request by Ariens for records concerning Plaintiff's substance abuse records. Ariens claimed in correspondence to Plaintiff's counsel and in its Motion to Compel Full and Complete Responses to its Request for Production of Documents that it sought records of substance abuse on the basis of their allegation that Plaintiff was under the influence the night before the accident and may have been intoxicated at the time of the accident. Plaintiff responded that there was no evidence

whatsoever that Plaintiff was in any way under the influence at the time that the accident occurred. Plaintiff explained that Plaintiff testified that he had never taken illicit drugs and was not under the influence on the day of the accident and that Plaintiff's co-worker, Karl Kirchhoffer and several rescue personnel all testified that there was no indication that Plaintiff was under the influence at the time of the accident. Having its request for substance abuse records denied, Ariens has manufactured a different basis for its request for substance abuse records by now claiming now that the records are relevant to Plaintiff's employability. This renewed request is baseless and should be denied.

    It is admitted that Plaintiff has submitted a report of a vocational expert Phillip Spergel. However, it is denied that Dr. Spergel evaluates the employability of Mr. Smith. On the contrary Dr. Spergel evaluated Plaintiff's lost earning potential as a result of his physical injuries. It is further denied that any history of substance abuse by Plaintiff would be relevant to his lost earning capacity claim. Since partly recovering from his injuries to his right leg approximately one year subsequent to the accident, Plaintiff has been steadily employed to the present time. He is presently employed in the capacity of a quarry worker. Plaintiff started at this position on August 4, 2004. Prior to his position as a quarry worker, Plaintiff was employed as a cabinet manufacturer, fabricator and installer for ten months. Moreover, prior to the accident involved herein Plaintiff worked as a roofer, framer and tiler for several years and he has also worked as a film scanner. (Exhibit "C"). Therefore, it is clear that Plaintiff does not have any type of substance abuse problem that impacts his ability to work. Ariens is merely attempting to assert a different and unfounded justification for the substance abuse records after this court has already denied Ariens' request for the same.

    Moreover, such records are protected from disclosure due to the fact that they are confidential and privileged. Under Pennsylvania law where the records sought are in the possession of a private practitioner, hospital, clinic, drug rehabilitation or drug treatment center, such records shall remain confidential and may be disclosed only with the patient's consent and only to medical personnel exclusively for the purpose of the diagnosis and treatment of the patient or to government or other officials exclusively for the purpose of obtaining benefits due to the patient as a result of his drug

or alcohol abuse or dependence. The only exception to the foregoing is that patient records may be released without the patient's consent to proper medical authorities solely for the purpose of providing medical treatment to the patient in medical emergency situations. 71 P.S. 1690. 108 (c). Plaintiff has not consented to the release of such records in this action and has not waived the protections afforded by this action. Since this case is before this court pursuant to diversity jurisdiction, the Pennsylvania law cited above shall apply. However, Federal law also limits the release of drug or alcohol treatment records and declares such records confidential. 42 U.S.C. §290dd-2. Such records can only be released under this statute pursuant to a court order issued upon a showing of good cause. Therefore, even if Federal law were to apply, Defendant is not entitled to any drug and alcohol records as Defendant has not made a showing of good cause for the release of such records. In light of the foregoing, Ariens' renewed request for any substance abuse records should be denied.

12. The allegations of this paragraph contain conclusions of law to which no response is required.

13. Denied. See Plaintiff's answer to paragraph 11 above. By way of further answer, Ariens is engaging in mere speculation and conjecture to state "Plaintiff also may have provided another version of how this incident happened to those treating him." The circumstances of how the accident occurred are clearly established in the evidence in the form of the testimony of several witnesses. Defendant cannot provide any indication whatsoever that there is any differing version of how the accident occurred.

14. The allegations of this paragraph contain conclusions of law to which no response is required. By way of further answer, without waiving the foregoing, the substance abuse material requested by Ariens is confidential and privileged and is irrelevant to this case. Ariens has not presented any justification for the disclosure of any such records.

15. The allegations of this paragraph contain conclusions of law to which no response is required.

16.     Denied. As stated above, Plaintiff has provided all the tax information that Plaintiff was able to obtain and Plaintiff has requested additional information from the IRS and the Department of the Treasury. Additionally, although Plaintiff was confused about the authorizations as he believed that Plaintiff's counsel's request for him to send information was in reference to the tax return information caused some delay in the execution of the authorizations, these authorizations have been provided to Ariens. Moreover, it is denied that Ariens has attempted to obtain this information from Plaintiff without judicial intervention. It was Plaintiff's counsel that contacted Ariens' counsel to request that Ariens send Plaintiff's counsel the authorizations on at least two occasions after the court's August 11, 2004 order was entered before Ariens' counsel forwarded new authorizations to Plaintiff's counsel. Additionally, Ariens' counsel did not once contact Plaintiff's counsel to inquire as to the status of the authorizations or of any additional tax information prior to filing the instant motion for preclusion.

17.     Denied. It is denied that Ariens has been in any way unduly prejudiced by any alleged failure by Plaintiff to provide the tax returns and authorizations. It is further denied that Ariens lacks sufficient information to respond to Plaintiff's allegations and that Ariens is unable to prepare an adequate defense in this case. Plaintiff's vocational expert Dr. Spergel relied upon the same tax information that Plaintiff has provided to Ariens. Plaintiff has requested further information from the IRS and Department of the Treasury not only to respond to Ariens' request for information but also to provide Plaintiff's own expert, Dr. Spergel, with further information. Ariens is not in any way prejudiced by the delay in receiving the authorizations. As stated previously, Plaintiff is not making any claim for damages for psychological injury as a result of the accident. It is not believed that Plaintiff has even undergone any psychological treatment. Consequently, how could Ariens be prejudiced by a slight delay in receiving authorizations to obtain psychological records? Further, Ariens has recently filed an untimely motion for summary judgment, which establishes that Ariens was certainly able to respond to Plaintiff's allegations and that Ariens is able to prepare its defense in this case.

18.     Admitted in part; denied in part. It is admitted that this case is scheduled to be placed on the trial pool on November 1, 2004. However, it is denied that Plaintiff's conduct was at all egregious. Plaintiff has provided or is making a good faith effort to provide all of the information requested by Ariens.

WHEREFORE, Plaintiff, Kyle Smith, respectfully requests that this Honorable Court deny Defendant Ariens' motion.

                                BEGLEY, CARLIN & MANDIO, LLP

By: _____
                                S. Richard Klinges, III, Esquire
                                Attorney I.D. #02018
                                Todd M. Sailer, Esquire
                                Attorney I.D. #86013
                                680 Middletown Boulevard
                                Langhorne, PA  19047
                                (215) 750-0110

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH** | : CIVIL ACTION NO. 02-CV-2718 |
| vs. | : |
| **PROMARK PRODUCTS WEST, INC.** | : |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Answer to Motion of Defendant, Ariens Company for Preclusion and to Compel the Identity and Records of Institutions Providing Substance Abuse Treatment was sent by First Class Mail, postage prepaid to the following:

Howard Donahue, Jr., Esquire
Lavin, Coleman, O'Neil, Ricci
Penn Mutual Tower, Suite 1000
510 Walnut Street
Philadelphia, PA 19106

Todd M. Sailer, Esquire

Date: 10/12/04

275909.1
Oct 12 2004