IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH,** | : |
| *Plaintiff,* | : |
| v. | : |
| **PROMARK PRODUCTS WEST, INC.** | : **CIVIL ACTION** |
| and | : **NO. 02-CV-2718 (RLB)** |
| **ARIENS COMPANY,** | : |
| *Defendant.* | : |

**DEFENDANTS', PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY, MOTION *IN LIMINE* TO PRECLUDE THE REPORT, OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERTS, PHILLIP SPERGEL, ED.D., RICHARD A. COLBERG AND BARRY SNYDER, M.D., PURSUANT TO RULE 26(a)(2)(B)**

Defendants, Promark Products West, Inc. and Ariens Company, hereby move for the entry of an order precluding the report, opinions and testimony of plaintiff's experts, Phillip Spergel, Ed.D., Richard A. Colberg and Barry Snyder, M.D., Pursuant to Rule 26(a)(2)(B) and precluding plaintiff from introducing any evidence or testimony concerning the compensation defendants' paid to their experts and the testifying history of defendants' experts, for the reasons set forth and on the basis of the authorities cited in the accompanying memorandum of law.

                              LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

BY: _____ (GC1270)
      Gerard Cedrone, Esquire
      Leland I. Kellner, Esquire
      Howard W. Donahue, Jr., Esquire
      Attorneys for Defendant, Promark Products West, Inc.
      and Ariens Company
      Suite 500
      190 North Independence Mall West
      6th & Race Streets
      Philadelphia, PA  19106
      (215) 627-0303

DATED: October 22, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH,** | : |
| *Plaintiff,* | : |
| v. | : CIVIL ACTION |
| **PROMARK PRODUCTS WEST, INC.** | : NO. 02-CV-2718 (RLB) |
| and | : |
| **ARIENS COMPANY,** | : |
| *Defendant.* | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS', PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY, MOTION *IN LIMINE* TO PRECLUDE THE REPORT, OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERTS, PHILLIP SPERGEL, ED.D., RICHARD A. COLBERG AND BARRY SNYDER, M.D. PURSUANT TO RULE 26 (a)(2)(B)**

**I.   Introduction**

Plaintiff has brought a product liability action against defendants, Promark Products West, Inc. and Ariens Company, for alleged injuries he sustained on September 8, 2001. He has submitted the reports of experts Richard Colberg, Phillip Spergel, Ed.D. and Barry Snyder, M.D. Plaintiff provided neither the compensation paid to these experts, nor the testifying history for each expert as required by the Federal Rules of Civil Procedure. Due to the incomplete expert disclosure, the reports, opinions and testimony of each expert should be precluded.

**II.  Facts**

Plaintiff Kyle Smith was allegedly injured on September 8, 2001. At that time, Karl Kirchhofer had borrowed the subject Promark Model 16-SP Stump Grinder ("16-SP") for a side

1

job involving the removal of stumps from a residential property. Smith was there to assist Kirchhofer with post-grinding clean-up duties.

Kirchhofer was operating the 16-SP. Believing the work would proceed more quickly with help holding the machine, Kirchhofer called for Smith to assist him. *See* Deposition of Karl Kirchhofer, taken on June 15, 2004, at pages 42-43, a true and correct copy of which is attached hereto as Exhibit "A." According to plaintiff, he came over to the 16-SP and, standing to the left of Kirchhofer, grabbed hold of one of the sidebars connecting the operator handlebars to the machine. *See* Deposition of Kyle P. Smith, taken on June 4, 2004 at page 78, a true and correct copy of which is attached hereto as Exhibit "B," and *see* Exhibit "A" at page 43. In some manner Smith cannot explain, his right leg came in contact with the cutting wheel. *See* Exhibit "B" at page 64, and Exhibit "A" at 44.

Plaintiff has alleged that the 16-SP was defective and unreasonably dangerous and submitted the expert of Richard Colberg in support of these allegations.[1] No *curriculum vitae* was provided for Colberg. Plaintiff also alleges a loss of earning capacity and in support, offers the report of Phillip Spergel, Ed.D., a licensed psychologist. On the 18th page of the report, it is indicated that the report was "DICTATED BUT NOT READ" and that the report was "DICTATED BY DR. SPERGEL SIGNED BY HIS SECRETARY TO AVOID DELAY IN MAILING." *See* Report of Phillip Spergel, Ed.D., dated August 23, 2004, at page 18, a true and correct copy of which is attached hereto as Exhibit "C." The only other information provided by plaintiff was Spergel's *curriculum vitae*. Plaintiff also submitted only the report and *curriculum vitae* and of Barry Snyder, M.D., an orthopedic surgeon.

---

[1] The preclusion of the report, opinions and testimony of Richard Colberg is also the subject of another motion to preclude based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which was filed on October 18, 2004 and is currently pending.

**III.    Argument**

    **A.    Plaintiff Failed to Comply With the Requirements of Federal Rule of Civil Procedure 26(a)(2)(B).**

Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to submit the following with respect to each expert witness: data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. Pro. 26(a)(2)(B).

Plaintiff has failed to provide the compensation that he is paying Colberg, Spergel and Snyder for their work and testimony in this case. Also, plaintiff has failed to provide testifying lists for Colberg, Spergel and Snyder. By withholding this information, defendants have been prejudiced in preparing their cross-examinations of plaintiff's experts. This is even more egregious considering that plaintiff has been in possession of defendants' experts' testifying lists for almost a month. To rectify this situation, plaintiff should be sanctioned.

    **B.    Plaintiff Should be Sanctioned for Failing to Comply With The Federal Rules of Civil Procedure.**

Federal Rule of Civil Procedure 37 provides for the sanctions available when a party fails to disclose required information. According to Rule 37(c)(1), a party who fails to disclose information provided by Rule 26(a), "is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. Pro. 37(c)(1). In addition, the Court can impose other sanctions on the non-disclosing party, including "an order refusing to allow the disobedient party to support or oppose designated claims, or prohibiting that party from introducing designated matters in evidence." *See* Fed. R. Civ. Pro.

3

37(b)(2)(B). The determination of the appropriate sanction is within the discretion of the court. *See Comuso v. National R.R. Passenger Corp.*, 1998 U.S. Dist. LEXIS 18054, *6, citing *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3rd Cir. 1995).

The reports, opinions and testimony of plaintiffs' experts should be precluded from this case for plaintiff's failure to obey the Rules of Civil Procedure. Plaintiff's disobedience has greatly prejudiced defendants in the preparation of their cross-examinations of each of plaintiff's experts. The deposition and trial transcripts of experts are a gold mine of information for use on cross-examination and plaintiff has failed to provide the map. Plaintiff has been in possession of the testifying histories for defendants' experts for almost a month. This case is scheduled to enter the trial pool on November 1, 2004 and defendants are still not in possession of this critical information. The only remedy that would cure this gross inequity is the preclusion of plaintiff's experts.

There is also an unique problem with respect to the report of Spergel. While defendants anticipate that plaintiff will rectify this problem immediately, it needs to be addressed. Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to submit a ". . . written report prepared and signed by the [expert] witness." *See* Fed. R. Civ. Pro. 26(a)(2)(B), *see also* Advisory Committee Comment, 1993 Amendments, Paragraph (2) ("Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and **it must be signed by the witness**") (emphasis added). The language of the Rule presumes that an expert would read their report if they are signing. Spergel has done neither.

In Spergel's report, he indicated that he did not read and sign the report to avoid a delay in mailing. *See* Exhibit "C" at page 18. However, it is not entirely clear how a delay in mailing

would have occurred had the report actually been signed by Spergel.  Plaintiff's expert reports were not due until August 30, 2004, a full week after the date that Spergel's dictation was transcribed.  *See* Order of Court, dated January 29, 2004, a true and correct copy of which is attached hereto as Exhibit "D."  Surely, had Spergel taken an extra day or two to actually sign the report, it would not have made the report past due.  Moreover, in light of today's technology of facsimile machines, ".pdf" files and electronic mail, the excuse of delay is negated.  Even more interesting is the fact that almost two months have elapsed and Spergel has yet to provide a signed report.

      The problem is greater than just a technical violation of the Rule.  It involves Spergel's accountability for what is contained in his report.  All that plaintiffs have submitted is a transcription of Spergel's dictation, not an expert report for which he can be held accountable.  On cross-examination, Spergel may try to hide behind the fact that he did not read and sign his report and may attempt to avoid taking accountability for its contents.  He should not be permitted to play this game.

      There are other problems with Spergel's report.  Plaintiff has not provided any of the data or other information considered by Spergel in forming his opinions.  For example, Spergel indicates that he administered an IQ test to Smith.  *See* Exhibit "A" at page 6.  However, he has not produced the actual test or the grading methodology for the test.  Spergel identifies something labeled as "Worker Traits Group Arrangements" several times in his report.  *Id*. at page 8-10.  Nowhere does he provide a cite to a source where these "arrangements" can be found.  He also provides several definitions for physical demands, but never indicates were these definitions came from.  *Id*. at page 10.  Spergel's punishment for failing to cite is work properly should be preclusion.

5

Despite having defendants' expert disclosures for almost one month, plaintiff has yet to make any effort to provide the same to defendants. Plaintiff, therefore, has an unfair advantage in this litigation and plaintiff should be precluded from introducing the reports, opinions and testimony of his experts to eliminate this unfair advantage.

**III.   Conclusion**

For the foregoing reasons, defendants, Promark Products West, Inc. and Ariens Company, respectfully request that the Court grant this Motion and enter the attached Order.

Respectfully submitted,

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

BY: _____ (GC1270)
Gerard Cedrone, Esquire
Leland I. Kellner, Esquire
Howard W. Donahue, Jr., Esquire
Attorneys for Defendant, Promark Products West, Inc.
and Ariens Company
Suite 500
190 North Independence Mall West
6th & Race Streets
Philadelphia, PA  19106
(215) 627-0303

DATED: October 22, 2004

828770v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KYLE SMITH,** | : |
| *Plaintiff,* | : |
| v. | : |
| **PROMARK PRODUCTS WEST, INC.** | : **CIVIL ACTION** |
| and | : **NO. 02-CV-2718 (RLB)** |
| **ARIENS COMPANY,** | : |
| *Defendant.* | : |

**ORDER**

AND NOW, this _____ day of _____, 2004, upon consideration of Defendants', Promark Products West, Inc. and Ariens Company, Inc., Motion in Limine to Preclude the Reports, Opinions and Testimony of Plaintiff's Experts, Phillip Spergel, Ed.D., Richard A. Colberg, and Barry Snyder, M.D., Pursuant to Rule 26(a)(2)B and the plaintiff's response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and plaintiff's experts Phillip Spergel, Ed.D., Richard Colberg and Barry Snyder, M.D. are precluded from testifying at trial and that their reports and opinions are inadmissible at trial.

BY THE COURT:

_____
Ronald L. Buckwalter, U.S. District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH,** : | |
| : | |
| *Plaintiff,* : | |
| : | |
| v. : | |
| : | |
| **PROMARK PRODUCTS WEST, INC.** : | CIVIL ACTION |
| : | |
| and : | NO. 02-CV-2718 (RLB) |
| : | |
| **ARIENS COMPANY,** : | |
| : | |
| *Defendant.* : | |
| : | |

## CERTIFICATION OF COUNSEL

Counsel for defendant, Ariens Company, certifies that after reasonable effort the parties are unable to resolve this discovery dispute.

                LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

                BY: _____(GC1270)
                           GERARD CEDRONE, Esquire
                           LELAND I. KELLNER, Esquire
                           HOWARD W. DONAHUE, JR., Esquire
                           Attorneys for Defendant, Ariens Company
                           Suite 500
                           190 North Independence Mall West
                           6th & Race Streets
                           Philadelphia, PA  19106
                           (215) 627-0303

DATED:  October 22, 2004

## CERTIFICATION OF SERVICE

    I, Leland Kellner, Esquire, hereby certify that a true and correct copy of the within Motion *In Limine* of Defendants, Promark Products West, Inc., and Ariens Company, to Preclude the Report, Opinions and Testimony of Plaintiff's Experts, Phillip Spergel, Ed.D., Richard A. Colberg and Barry Snyder, M.D., Pursuant to Rule 26(a)(2)(B) by first-class U.S. mail, postage pre-paid, on the _____ day of _____, 2004:

S. Richard Klinges, Esq.<br>
Begley, Carlin & Mandio, LLP.<br>
680 Middletown Blvd.<br>
Langhorne, PA  19047<br>
Attorney for Plaintiff, Kyle Smith

                                                                                                  _____(GC1270)
                                                                             Leland Kellner, Esquire
                                                                             Attorney for Defendant, Ariens Company