IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH : | CIVIL ACTION - LAW |
| : | |
| v. : | No. 02-CV-2718 (RLB) |
| : | |
| PROMARK PRODUCTS WEST, INC. : | |
| : | |
| and : | |
| : | |
| ARIENS COMPANY : | |
| : | |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the Defendants' Promark Product West, Inc. and Ariens Company, Inc. Motion in Limine to Preclude the Report, Opinions and Testimony of Plaintiff's experts, Phillip Spergel, Ed.D., Richard A. Colberg, and Barry Snyder, M.D. and Plaintiff's response thereto, it hereby ORDERED and DECREED that said Motion is DENIED.

BY THE COURT:

_____
Honorable Ronald L. Buckwalter

278656.1
Nov 05 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

**PLAINTIFF, KYLE SMITH'S ANSWER TO MOTION IN LIMINE BY DEFENDANTS PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY TO PRECLUDE THE REPORT, OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERTS, PHILLIP SPERGEL, ED.D., RICHARD A. COLBERG AND BARRY SNYDER, M.D.**

For the reasons set forth in the memorandum of law attached hereto, Plaintiff respectfully requests that Defendants' Motion in Limine be denied.

BEGLEY, CARLIN & MANDIO, LLP

BY: _____
S. Richard Klinges, III, Esquire
I.D. # 02018
Todd M. Sailer, Esquire
I.D. # 86013
680 Middletown Boulevard
Langhorne, PA 19047
(215) 750-0110
Attorneys for Plaintiff

Date: November 5, 2004

278656.1
Nov 05 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH : | CIVIL ACTION - LAW |
| : | |
| v. : | No. 02-CV-2718 (RLB) |
| : | |
| PROMARK PRODUCTS WEST, INC. : | |
| : | |
| and : | |
| : | |
| ARIENS COMPANY : | |
| : | |

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION IN LIMINE BY DEFENDANTS, PROMARK PRODUCT WEST, INC. AND ARIENS COMPANY TO PRECLUDE THE REPORT, OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERTS, PHILLIP SPERGEL, ED.D., RICHARD A. COLBERG AND BARRY SNYDER, M.D.**

I.   **Introduction**

Having been denied on two previous occasions to attempt to avoid the merits of this action through two previous motions to preclude Plaintiff's experts in connection with this matter, Defendants have now filed yet another motion in limine challenging the admissibility of the reports and testimony of Plaintiff's experts Phillip Spergel, Ed.D., Richard A. Colberg and Barry Snyder, M.D.. While this alleged discovery "dispute" could have easily been rectified through a simple telephone call or letter, Defendants' counsel not once contacted Plaintiff's counsel to request the information that it now claims is so vital as to require preclusion of Plaintiff's expert evidence. Plaintiffs have provided the items of information sought by Defendants. The drastic sanction of preclusion is not warranted in this case.

278656.1
Nov 05 2004

## II. **Facts**

This is a strict liability and negligence action brought by Plaintiff, Kyle Smith, brought against Defendants' Promark Products West, Inc. and Ariens Company, Inc. Plaintiff, Kyle Smith, sustained severe injuries to his right leg as a result of his leg coming into contact with a moving cutting wheel of Defendants' product, a Promark Model 16SP stump grinder. The accident happened on September 8, 2001 while Plaintiff was assisting a person by the name of Karl Kirchofer in removing stumps from a dirt/mulch mound on the property of John and Barbara Groner located at 1324 Camelot Drive, Easton, Pennsylvania, 18045.

Mr. Kirchofer was operating the stump grinder to grind stumps while Plaintiff assisted by filling in holes left after the stumps were removed with dirt. Plaintiff had never operated a stump grinder before the date of the accident. As Mr. Kirchofer was grinding one stump, he experienced difficulty in that the stump grinder was "jumping around" on the stump. He therefore requested Plaintiff to assist him in steadying the stump grinder by standing to the left of the stump grinder and holding on to the left handlebar. At this time, Mr. Kirchofer was operating the stump grinder across the slope rather than up or down on the slope with the left side of the grinder facing up the slope and the right side facing down the slope. Therefore, since Plaintiff was positioned on the left side of the stump grinder he was up the slope from the stump grinder. As Mr. Kirchofer was grinding the stump, Plaintiff's right leg slipped into the moving cutting wheel of the stump grinder. After Mr. Kirchofer became aware that Plaintiff's leg had contacted the cutting wheel, he realized from prior experience with the machine that there was no way that he could quickly shut down the machine and stop the cutting wheel. He then attempted to determine how he could assist Plaintiff. Mr. Kirchofer stated that since he was startled and had never been presented with this type of situation before, this process took in excess of five seconds before he decided that his only option was to try to flip the stump grinder away from Plaintiff. The stump grinder weighs 490 pounds. Mr. Kirchofer stated that due to the weight of the stump grinder, it was difficult to flip the machine and in order to do so he had to reposition his feet, bend down at the knees and exert a great amount of force upon the stump grinder. This process of flipping the machine away from the Plaintiff took additional time. As a result of the accident, Plaintiff sustained severe injury to his right leg including an open proximal tibial fracture

with soft tissue loss, bone loss of the right lower extremity, severely comminuted proximal tibia and a large open wound of the right lower extremity.

Plaintiff alleges that the stump grinder at issue is defective. Approximately 8 1/2 inches of the 14 inch cutting wheel of the stump grinder was exposed and unguarded. Plaintiff therefore claims that the stump grinder was defective due to inadequate guarding of the cutting wheel. Additionally, the stump grinder did not possess any devices to enable the cutting wheel to be quickly stopped. Mr. Colberg opined that the stump grinder should have equipped with a operator presence control, positive clutch and a braking system on the cutting wheel to allow immediate stoppage of the wheel. Plaintiff further alleges that the stump grinder is defective due to inadequate warnings and instructions as no decals were attached to the stump grinder alerting the user to always operate the stump grinder up or down on a slope and to read and understand the owner's manual prior to use.

Richard Colberg is Plaintiff's engineering expert who has opined that the stump grinder is defective for the above-stated reasons. Phillip Spergel, Ed.D is a vocational expert who has rendered opinions regarding Plaintiff's lost earning capacity as a result of the injuries he sustained in the accident. Barry Snyder, M.D. is an orthopedic surgeon. He has authored an expert report regarding the physical injuries that Plaintiff sustained to his right leg from the accident and the current conditon of Plaintiff's leg.

### III. **Argument**

Defendant's Motion in Limine seeking preclusion of Plaintiff's expert should be denied. Defendants claim that Plaintiffs did not provide the information required under Federal Rule of Civil Procedure 26(a)(2)(B) with respect to their expert witnesses. However, Plaintiff provided the expert reports and curriculum vitae of their experts to Defendant's counsel on August 18, 2004. Plaintiff did not willingly or in bad faith withhold any information from Defendants. Defendants seemingly complain that they did not receive a list of other cases in which the witnesses have testified as an expert at trial or by deposition within the preceding four years. Plaintiff requested this information from his experts, but had not received the same until recently. Of course, Defendants never made any effort whatsoever to contact Plaintiff's counsel either by telephone or by letter to remind Plaintiff's counsel that they had not received this information or to request the same. Moreover, although it

would not have been necessary to do so had Defendants' counsel contacted Plaintiff's counsel, Defendants also never filed any motion to compel the information that it now claims has caused them prejudice in not receiving. Rather, Defendants elected to wait until October 22, 2004 to file the instant motion. At any rate, since the filing of Defendants' motion, Plaintiff has provided Defendants with the information they seek.

Preclusion of expert witnesses is an extreme and drastic sanction which is not to be imposed absent a showing of willful deception or flagrant disregard of a court order or if the facts make it absolutely necessary to do so. In Re Paoli, 35 F. 3d 717, 791-92 (3d Cir. 1994); Royster v. McGowen Ford, Inc., 294 Pa. Super. 160, 169, 439 A.2d 799, 804 (1982); Perkasie Industries Corp. v. Advance Transformer, Inc., 143 F.R.D. 73, 75 (E.D. Pa. 1993); Kearns v. DeHaas, 377 Pa. Super. 200, 210, 546 A.2d 1266, 1231 (1988); Chladek v. Milligan, 1998 WL 334699 (E.D. Pa. 1998); Gibson v. Nat'l Railroad Passenger Corp., 176 F.R.D. 190, 191 (E.D. Pa. 1997). Defendants' request for preclusion should be denied since Plaintiff has not acted in bad faith, with willful deception, or in flagrant disregard of a court order and Defendants have not been prejudiced. Moreover, under Federal Rule of Civil Procedure 37, sanctions may only be imposed when a party fails to obey a court order and no order to compel the information sought by Defendants has been entered. Indeed, Defendants' counsel did not even have the courtesy to contact Plaintiff's counsel to request the information prior to filing its instant motion seeking the drastic and extreme sanction of preclusion.

Defendants complain that they did not receive a curriculum vitae of Richard Colberg. Plaintiff's counsel included a curriculum vitae for Mr. Colberg as well as Dr. Spergel and Dr. Snyder with Plaintiffs' expert reports on August 18, 2004. (See Plaintiff's counsel's letter dated 8/18/04, Exhibit "A"). In the event that the curriculum vitae was somehow missing from this packet, Defendant is not prejudiced as Mr. Colberg testified against Defendants at trial in 2000 in connection with the case of Apostoleris v. Promark Products West, Inc. and Ariens Company, Inc. in the Eastern District of New York, so it is certainly likely that Defendants would have a copy of Mr. Colberg's curriculum vitae. Moreover, Plaintiff's counsel attached a copy of Mr. Colberg's curriculum vitae as an exhibit to Defendants Motion to Preclude Mr. Colberg, which was filed on November 1, 2004 and forwarded to Defendants on the same day. Also, Plaintiff has again provided Mr. Colberg's curriculum vitae to Defendants with lists of Plaintiff's experts' testifying histories and fee

information. Consequently, Defendants are not prejudiced by any alleged lack of receipt of Mr. Colberg's curriculum vitae.

Defendants also complain that they did not receive listings of other cases in which Plaintiff's experts have testified at trial or by deposition within the last four years. Plaintiff's counsel had requested this information from their experts, but only just recently received such lists. These lists have been forwarded to Defendants' counsel along with fee information regarding Plaintiff's experts. Since Defendants filed a motion for summary judgment in this action on October 6, 2004 and have just filed a reply brief in connection therewith on November 2, 2004 and no trial date has been set, Defendants have not been prejudiced by any alleged delay in receiving this information. Moreover, Defendants' counsel never once contacted Plaintiff's counsel to remind Plaintiff's counsel that they had not received this information or to request the same.

Defendants also raise hypertechnical arguments with respect to Dr. Spergel's report. Defendants complain that Dr. Spergel's report states that it was dictated but not read and was not signed Dr. Spergel. Defendants assert that Dr. Spergel could thereby "hide behind the fact that he did not read and sign his report" and that he may attempt to avoid accountability for its contents. Certainly, Dr. Spergel has no reason to "hide" from the opinions that he rendered in his expert report. Moreover, Plaintiff has a signed copy of Dr. Spergel's report which has been forwarded to Defendants so Defendants' counsel's concern should be obviated. Defendants further complain that Dr. Spergel did not attach records relating to an IQ test that he administered to Mr. Smith to his report and that Dr. Spergel did not cite a source for "Worker Traits Group Arrangements." Defendants also complain that Dr. Spergel did not cite sources for his definitions for physical demands. However, there is no requirement that an expert cite sources for every specific bit of information or knowledge that the expert applies to reach his or her conclusions. Moreover, Defendants have been in possession of Dr. Spergel's report since August 18, 2004. However, Defendants did not once raise any issues regarding Dr. Spergel's report or seek any information about the same. They chose instead to file a baseless motion for preclusion. Dr. Spergel cited the title of the authority he is relying upon in his report. It is not Plaintiff's fault that Defendants are unable to locate the information.

## IV.   Conclusion

Defendants do not assert a valid reason for any sanctions at all, much less the drastic sanction of the preclusion of Plaintiff's experts. Plaintiff has not acted willfully or in bad faith to withhold any information from Defendants. Had Defendants made the simple gesture of contacting Plaintiff's counsel to request the information it seeks it would have been readily provided, but Defendant chose instead to burden the court with yet another groundless motion attempting to avoid the merits of this action. The information sought by Defendants has been provided and Defendants are not prejudiced since Defendants' motion for summary judgment is still outstanding and no trial date has been set in this case. For the foregoing reasons, Plaintiff, Kyle Smith, respectfully requests that the court deny Defendants' motion to preclude Plaintiff's expert evidence.

BEGLEY, CARLIN & MANDIO, LLP

BY: _____
S. Richard Klinges, III, Esquire
I.D. # 02018
Todd M. Sailer, Esquire
I.D. # 86013
680 Middletown Boulevard
Langhorne, PA 19047
(215) 750-0110
Attorneys for Plaintiff

Date: November 5, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH : | CIVIL ACTION - LAW |
| v. : | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. : | |
| and : | |
| ARIENS COMPANY : | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff, Kyle Smith's Answer to Motion in Limine by Defendants Promark Products West, Inc. and Ariens Company to Preclude the Report, Opinions and Testimony of Plaintiff's Experts, Philip Spergel, Ed.D., Richard A. Colberg and Barry Snyder, M.D. was forwarded to Defendants' counsel listed below by regular mail.

Leland Kellner, Esquire
LAVIN, COLEMAN, O'NEILL, RICCI
Penn Mutual Tower, Suite 1000
510 Walnut Street
Philadelphia, PA 19106

Date: November 5, 2004

S. Richard Klinges, III, Esquire
Todd M. Sailer, Esquire

278656.1
Nov 05 2004

**EXHIBIT "A"**

August 18, 2004


Leland Kellner, Esquire
LAVIN, COLEMAN, O'NEILL, RICCI
Penn Mutual Tower, Suite 1000
510 Walnut Street
Philadelphia, PA 19106

    RE: Smith v. Promark

Dear Mr. Kellner:

    Pursuant to the Court's Order, enclosed please find the following expert reports:

1. Phillip Spergel, Ed.D. - report dated August 23, 2004 and curriculum vitae;

2. Barry Snyder, M.D. - report dated 7/29/04 with curriculum vitae

3. Richard Colberg, Mechanical Engineer - report dated August 27, 2004 with Curriculum vitae

4. Patrick Brogle, M.D. - Office Records and Operative Reports -

                    Very truly yours,

                      S. RICHARD KLINGES, III

SRK/mcm
Enclosures
*via facsimile and regular mail*