IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH, | : |
| *Plaintiff,* | : |
| v. | : CIVIL ACTION |
| PROMARK PRODUCTS WEST, INC. | : NO. 02-CV-2718 (RLB) |
| and | : |
| ARIENS COMPANY, | : |
| *Defendants.* | : |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO PRECLUDE**

In a response to the motion to preclude the testimony of his expert witness, plaintiff has done the expected, and the unexpected. He has expectedly gone through his expert's report, restating the conclusions and support for them provided there, and argued that they meet the standard for admissibility. *See Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). But apparently unconvinced that his position is entirely sound, plaintiff has taken the unexpected step of providing additional, previously undisclosed support.

The new information comes in several forms. There is an affidavit (that is essentially a new report) from the expert, Richard Colberg, in which he describes having viewed a video "which depicted testing of [another manufacturer's] stump grinder equipped with [a] retractable guard." *See* Colberg Affidavit, attached to Plaintiff's brief as Exhibit "E". The otherwise unidentified video has not been produced.

There is also a four year old drawing, said to have been produced by Mr. Colberg in connection with some other litigation. *See* Plaintiff's brief at page 11, and Exhibit "G". There

are excerpts from a 16 year old deposition transcript, the testimony having been provided by another engineer in a matter apparently then pending in Florida, excerpts from "patent documentation" pertaining to a number of different mechanisms, and excerpts from studies which are said to have established "that where print warnings or directives are supplemented on the product in addition to be (sic) included in the product manual, compliance with the instruction is substantially increased." *See* Plaintiff's brief at page 13 and at 19-20. All of this information should have been disclosed in Mr. Colberg's report and none of it was. *See* F.R.C.P. 26(a)(2)(B). None of this information ought to be considered now.

Not that the newly disclosed information solves plaintiff's problem. Even with it, Colberg's proposed testimony falls well short of the mark. But educating plaintiff on the shortcomings of Colberg's opinions based on these disclosures will no doubt yield only more disclosures. So if the court is inclined to consider these new bases for Mr. Colberg's opinions, defendants respectively request the opportunity to challenge them at an appropriate pre-trial hearing dedicated to the question of their admissibility, as well as the admissibility of any testimony from Colberg.

      Respectfully submitted,

      **LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY: _____(GC1270)
      Gerard Cedrone, Esquire
      Leland I. Kellner, Esquire
      Howard W. Donahue, Jr., Esquire
      Attorneys for Defendants,
      Promark Products West, Inc. and Ariens Company

DATED:  November 12, 2004

#833272

## **CERTIFICATION OF SERVICE**

I, Howard Donahue, Jr., Esquire, hereby certify that a true and correct copy of the within Supplemental Brief in Support of Motion to Preclude Plaintiff's Expert, Richard A. Colberg, by first-class U.S. mail, postage pre-paid, on the 12th day of November, 2004 to:

S. Richard Klinges, Esq.
Begley, Carlin & Mandio, LLP.
680 Middletown Blvd.
Langhorne, PA  19047
***Attorney for Plaintiff, Kyle Smith***

_____(HW2052)
Howard W. Donahue, Jr., Esquire
Attorney for Defendants,
Promark Products West, Inc. and Ariens Company