IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH,<br><br>*Plaintiff,*<br><br>v.<br><br>PROMARK PRODUCTS WEST, INC.<br><br>and<br><br>ARIENS COMPANY,<br><br>*Defendants.* | CIVIL ACTION<br><br>NO. 02-CV-2718 (RLB) |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS', PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY, MOTION *IN LIMINE* TO PRECLUDE THE REPORT, OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERTS, PHILLIP SPERGEL, ED.D., RICHARD A. COLBERG AND BARRY SNYDER, M.D., PURSUANT TO RULE 26(a)(2)(B)**

In a response to the motion to preclude all of plaintiff's expert, plaintiff provided some but not all of the information required by Federal Rule of Civil Procedure 26(a)(2)(B) and attempt to imply that defendants have somehow acted improperly by filing this motion. This incomplete disclosure and attempt to paint defendants in a bad light are mere attempts to deflect attention away from plaintiff's failure to adhere to the Rules of Civil Procedure.

Defendants have been forced to file multiple discovery motions to compel against plaintiff in this case. Plaintiff's course of conduct of withholding information at every stage of this litigation, including a statement obtained by plaintiff's counsel of an important witness in this case, has forced defendants to file motions. Plaintiff's own conduct invites these motions.

Plaintiff indicated that Dr. Snyder does not keep a testifying history. The Rule does not provide that the expert only produce a history if he has one detailed on paper. To the contrary, the remedy for not providing a testifying history to defendants is testimony preclusion.

Although plaintiff has represented to this Court that a signed copy of Spergel's report has been provided, it has not. Surely, plaintiff intended to produce this report, just like he intended to provide a copy of Colberg's *Curriculum Vitae* when the report was produced. Plaintiff also dismisses the Rule's requirement that the report be "signed" as hyper-technical. Certainly, the drafters of the Rule (and defendants in this case) would disagree. The fact that is its expressly indicated that the report must be signed contemplates defendants' concerns of an expert avoiding the opinions expressed in the report at trial based upon a bad student's excuse of "I didn't read it." As such, this report and any testimony by Spergel should be precluded.

Contrary to plaintiff's bold contentions that "there is no requirement that an expert cite sources for every specific bit of information or knowledge that the expert applies to reach his or her conclusions," there is such a requirement. None of the "data or other information considered by the witness in forming their opinions" required to be provided by the Rules has been offered for any expert. For example, Spergel issued tests to plaintiff and recently received the results. None of these tests or the results have been provided to defendants. This is clearly information or data considered by Spergel in formulating his opinion and should be provided. This is only one example of many. In fact, defendants have filed a Daubert motion to preclude plaintiff's expert, Richard Colberg, for failing to provide the data and information he considered in forming his opinions. Similarly, no "exhibits to be used as a summary of or support for the opinions" has been provided for any expert. See Fed. R. Civ. Pro. 26(a)(2)(B). These requirements are there, plaintiff's has chose to ignore them.

In sum, defendants respectfully withdraw only those parts of their Motion to Preclude which seek preclusion of Colberg for failing to provide his Curriculum Vitae, testifying history and fee information, of Spergel for failing to provide his testifying history and compensation information and of Snyder for failing to provide his compensation information. As plaintiff still has not fully complied with the Rules or addressed the other problems with Spergel's report and for not providing Snyder's testifying which were identified in defendants' original brief, those parts are not withdrawn. The arguments as to Colberg's preclusion are reserved in defendants' <u>Daubert</u> motion.

        Respectfully submitted,

        **LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY: _____(GC1270)
        Gerard Cedrone, Esquire
        Leland I. Kellner, Esquire
        Howard W. Donahue, Jr., Esquire
        Attorneys for Defendants,
        Promark Products West, Inc. and Ariens Company

DATED: November 17, 2004

#835251

## **CERTIFICATION OF SERVICE**

I, Howard Donahue, Jr., Esquire, hereby certify that a true and correct copy of the within Supplemental Brief in Support of Motion to Preclude Plaintiff's Experts, by first-class U.S. mail, postage pre-paid, on the 17th day of November, 2004 to:

S. Richard Klinges, Esq.
Begley, Carlin & Mandio, LLP.
680 Middletown Blvd.
Langhorne, PA  19047
***Attorney for Plaintiff, Kyle Smith***

_____(HW2052)
Howard W. Donahue, Jr., Esquire
Attorney for Defendants,
Promark Products West, Inc. and Ariens Company