IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH, | : |
| *Plaintiff,* | : |
| v. | : CIVIL ACTION |
| PROMARK PRODUCTS WEST, INC. | : NO. 02-CV-2718 (RLB) |
| and | : |
| ARIENS COMPANY, | : |
| *Defendants.* | : |

**RESPONSE OF DEFENDANTS', PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY, TO PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION FOR <u>SUMMARY JUDGMENT</u>**

Defendants, Promark Products West, Inc. and Ariens Company, do not wish to overburden this Court with additional filings, but is forced to where plaintiff blatantly misrepresents the facts of the case, and supplies an incomplete record. In short, plaintiff states that it took several seconds of grinding plaintiff's leg before Mr. Kirchhofer was able to remove the 16-SP from plaintiff's leg. Plaintiff states that Mr. Kirchhofer was vague and ambiguous on this point, and that he was not asked how long it took to remove the machine from grinding plaintiff's leg. Plaintiff's Surreply Brief at pages 5-6. However, plaintiff was asked at his deposition, and he was unambiguous:

> Q. When Kyle got caught in the machine, did you continue to grind, or did you immediately get the machine away from him?
>
> A. I immediately got the machine away from him.

  Q. So there was no period of time that you kept grinding away, or that you couldn't help it, you just kept grinding?

  A. No, there wasn't. His leg would have been cut right off.

<u>See</u> Deposition of Karl Kirchhofer, at pages 75-76, a true and correct copy of which is attached hereto as Exhibit "A".

 Ariens will not burden this Court with responses to any other part of plaintiff's brief, other than to state that Exhibit "A" also demonstrates another statement from Mr. Kirchhofer proving that warnings of operation on slopes are irrelevant to this case. <u>Id.</u> at page 76, line 9.

    Respectfully submitted,

    **LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

  BY: _____(GC1270)
    Gerard Cedrone, Esquire
    Leland I. Kellner, Esquire
    Howard W. Donahue, Jr., Esquire
    Attorneys for Defendants,
    Promark Products West, Inc. and Ariens Company

DATED: November 24, 2004

#837179

## **CERTIFICATION OF SERVICE**

I, Howard Donahue, Jr., Esquire, hereby certify that a true and correct copy of the within Response of Defendants' to Plaintiff's Surreply to Defendants' Motion for Summary Judgment, by first-class U.S. mail, postage pre-paid, on the 24th day of November, 2004 to:

S. Richard Klinges, Esq.
Begley, Carlin & Mandio, LLP.
680 Middletown Blvd.
Langhorne, PA  19047
***Attorney for Plaintiff, Kyle Smith***

_____(HW2052)
Howard W. Donahue, Jr., Esquire
Attorney for Defendants,
Promark Products West, Inc. and Ariens Company