IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

**PLAINTIFF'S SURREPLY TO THE SUPPLEMENTAL BRIEF OF DEFENDANTS, PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT RICHARD COLBERG**

Plaintiff submits this surreply to respond to arguments raised by Defendants in their supplemental brief in support of their motion to preclude Plaintiff's expert Richard Colberg. Apparently, Defendants have no counterargument regarding the admissibility of Mr. Colberg's testimony pursuant to Daubert as Defendants' sole argument is that the court should not admit evidence of the reliability of Mr. Colberg's opinions proferred by Plaintiff in response to Defendants' Motion to Preclude Mr. Colberg's testimony. Defendant's argument should be rejected.

A review of the relevant case law establishes that a court may consider evidence submitted in support of an expert's opinions where such information is not specifically referenced in the expert's report. For instance, in the case of Padillas v. Stork - Gamco, Inc., 186 F.3d 412 (3d. Cir. 1999), the court held that the district court should not have limited its analysis of whether an expert had "good grounds" for his opinions to the expert's report. The court found that the analysis of the report did not establish that the expert did not have reliable grounds for his opinions but only showed that the foundations for such opinions were inadequately explained and held that the district court should have allowed the plaintiff an opportunity to respond to any concerns the court may have had regarding the bases of the expert's opinions by way of an in limine hearing to assess the admissibility

280326.1
Nov 23 2004

of the report. 186 F.3d at 416-18. The court accepted and considered an expert's preliminary report, an amended report prepared after the expert reviewed the deposition testimony of a defense expert, an affidavit specifically prepared in response to the defendants' Daubert challenge and two depositions by the expert in Oddi v. Ford Motor Co., 234 F.3d, 146, 153 (2000). Oddi also examined the Padillas decision and commented that the court in Padillas was presented with an expert report that was conclusory and did not adequately explain the basis for the expert's opinion or the methodology employed to reach his conclusions. The court noted that the Padillas court found that the plaintiff should have an opportunity to be heard to allow the plaintiff a chance to have his or her expert demonstrate and explain the "good grounds" upon which the expert's evidence rests. Oddi, supra at 152.

In Schieber v. City of Philadelphia, 2000 WL 1670888 (E.D. Pa.) the district court determined that based upon an expert's report, supplemental affidavit submitted approximately 3½ months after the report and testimony provided at an in limine hearing, the expert provided good grounds for opinions he held. Schieber, supra. The district court in Fisher v. Walsh Parts and Service Co., Inc., 277 F.Supp. 2d. 496 (2003) considered an affidavit submitted by the plaintiff's expert specifying the information upon which his opinions were based in response to a motion by the defendants to exclude his testimony under Daubert. Fisher, supra at 504-508.

Additionally, in Protcomm Corp. v. Novell Advanced Services, Inc., the court relied upon not only expert reports in conducting a Daubert analysis, but also relied upon a supplemental expert report outlining the bases of one expert's opinions as well as such expert's deposition testimony. 171 F. Supp. 2d 473, 479-481 (E.D. Pa. 2001). With respect to additional experts, the court relied upon an expert report, an affidavit, a "rebuttal affidavit" and a reply affidavit in performing the Daubert analysis. Id. at 481-483.

In light of the above-stated authorities, the court should accept the information provided by Plaintiff in his response to Defendants' Motion to Preclude Colberg as evidence that Mr. Colberg has "good grounds" for his opinions and that his testimony is thus admissible at the trial of this matter. Defendants' Motion is nothing more than one of a multitude of attempts by Defendants to avoid the merits of this action. Since the goal of a trial is to reach the truth of a matter based upon all relevant and admissible evidence and Defendants have been aware of Mr. Colberg's conclusions

and opinions in this matter since August 18, 2004, Defendants' technical arguments challenging the admissibility of Mr. Colberg's testimony should fail. For the reasons set forth above and in Plaintiff's initial memorandum of law in opposition to Defendants' motion to preclude Mr. Colberg's testimony, Plaintiff respectfully requests that the court deny Defendants' motion.

BEGLEY, CARLIN & MANDIO, LLP

BY: *Todd M. Sailer*
S. Richard Klinges, III, Esquire
I.D. # 02018
Todd M. Sailer, Esquire
I.D. # 86013
680 Middletown Boulevard
Langhorne, PA 19047
(215) 750-0110
Attorneys for Plaintiff

Date: 11/24/04

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Surreply to the Supplemental Brief of Defendants, Promark Products West, Inc. and Ariens Company to Preclude the Testimony of Plaintiff's Expert, Richard Colberg was forwarded to Defendants' counsel listed below by regular mail.

Leland Kellner, Esquire
LAVIN, COLEMAN, O'NEILL, RICCI
Penn Mutual Tower, Suite 1000
510 Walnut Street
Philadelphia, PA 19106

BY: _____
S. Richard Klinges, III, Esquire
Todd M. Sailer, Esquire

Date: 11/24/04

280326.1
Nov 23 2004