IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH, | : |
| *Plaintiff,* | : |
| v. | : CIVIL ACTION |
| PROMARK PRODUCTS WEST, INC. | : |
| and | : NO. 02-CV-2718 (RLB) |
| ARIENS COMPANY, | : |
| *Defendants.* | : |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS', PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY, MOTION *IN LIMINE* TO PRECLUDE COUNTERVAILING OPINION, TESTIMONY OR EVIDENCE AS TO PROPER MAINTENANCE AND AN ADVERSE INFERENCE JURY INSTRUCTION FOR PLAINTIFF'S SPOLIATION OF EVIDENCE**

Plaintiff's Opposition again sharpens the two points of every defense motion filed to date: Despite discovery directed to plaintiff, Orders compelling discovery and Rules of Civil Procedure, plaintiff is still withholding information and materials required to be produced, and plaintiff is providing inaccurate information to either the Court or the defense. In his response to this motion, plaintiff has argued that he had no involvement in the spoliation and offers a story of a half-hearted attempt to preserve the product. But apparently unconvinced that his position is entirely sound, plaintiff has again resorted to providing additional, previously undisclosed support for his position. Second, none of the new materials produced in support of plaintiff's positions, if considered, offers an adequate reason to deny defendants' motion.

Plaintiff now presents a completely contradictory story and timeline for the product following the incident. In discovery responses served in August of 2003, plaintiff indicated that

the 16-SP was "owned and possessed by Joseph Huber who resided in Catasauqua, Pennsylvania." See Plaintiff's Answers to Defendants' Interrogatories, Set I, at number 10, a true and correct copy of which is attached hereto as Exhibit "A". Also, in a Request for Production propounded at the same time, defendants requested the production of the 16-SP, to which plaintiff responded "Will supplement upon completion of discovery." See Plaintiff's Response to Defendants' Request for Production, at number 14, a true and correct copy of which is attached hereto as Exhibit "B". In response to Interrogatories served on plaintiff on June 30, 2004, plaintiff provided the following response:

> **Interrogatory:** Identify every document and other material indicating any effort by anyone to preserve the subject stump grinder and any component part of the subject stump grinder, and identify the location of each said document and other material:
>
> **Response:** Plaintiff is not aware of any such document.

See Plaintiff's Answers to Defendants' Interrogatories Set II, at number 7, a true and correct copy of which is attached hereto as Exhibit "C".

At plaintiff's deposition, he advised that he did not know were the stump grinder was. See Deposition of Kyle Smith, at page 43, lines 5-9, attached to Defendants' Motion as Exhibit "B". Now, plaintiff is telling the Court a different story, a story that contradicts what defendants were told by plaintiff under oath.

As defendants eventually learned on their own, Joseph Huber died in July, 2003. Defendants did not know until plaintiff's answers to the First Set of Interrogatories (which were served by letter dated March 12, 2004) that the machine was in the hands of Joseph Huber. See Exhibit "A" at number 10. At this time, plaintiff already knew that Mr. Huber was deceased. Defendants did not know that plaintiff had served subpoenas on Mr. Huber's brother to obtain the machine, having not been served with a copy of the subpoenas. Despite also being asked at this

2

deposition, plaintiff stated at that time that he did not know where the machine was as of June, 2004. To the contrary, plaintiff apparently knew that the machine was dismantled, and plaintiff claims to know why it was dismantled, as indicated by the hearsay statement of Mr. Smith, provided in response to this motion. Plaintiff did know prior to his death that Mr. Huber was dying of cancer, and that was why plaintiff did not sue him. See Deposition of Kyle Smith, taken on June 4, 2004, at page 106, lines 7-13, a true and correct copy of which is attached hereto as Exhibit "D".

In total, defendants and this Court now know:

1. Plaintiff knew the machine was no longer in the possession of Mr. Huber at the time plaintiff swore that it was. See Exhibit "A" at number 10;

2. Plaintiff knew prior to Mr. Huber's death that Mr. Huber was the owner of the machine, and that he was dying of cancer. See Exhibit "D";

3. Plaintiff inspected the machine prior to Mr. Huber's death without notice to the defendant. See Plaintiff's Opposition at page 3;

4. Plaintiff knew or thought he knew that Mr. Huber's brother had the ability to obtain the machine but did not tell defendants, despite discovery requests for this information. See Exhibit "A" at number 10;

5. In addition to not providing accurate information, plaintiff also "neglected" to provide documents regarding the disposition of the machine, despite being asked for them. See Plaintiff's Opposition at page 5, fn. 1 and Exhibit "C"; and

6. Every version of the events and the timeline of plaintiff's knowledge set forth by plaintiff cannot each be true as they are inconsistent.

The late disclosed information does not solve plaintiff's problem. Plaintiff has a duty to preserve evidence. See Bowman v. American Med. Sys., Inc., 1998 U.S. Dist. LEXIS 16082, *9-10 (E.D.Pa. 1998), citing Roselli v. General Electric Corp., 599 A. 2d 685 (Pa. Super. 1991). He breached this duty and nothing that plaintiff has offered can hide this.

3

Although plaintiff goes out of his way to down play the significance of proper maintenance on causation, plaintiff clearly agrees that this an issue in this case and defendants were deprived of the opportunity to explore it. Not surprisingly, this is where the prejudice to defendants is greatest. The maintenance (or lack thereof) of a product cannot be imputed to another product. Each product is different in that respect. The condition that the subject 16-SP was in at the time of the incident cannot be discovered by looking at an exemplar. This prejudice to defendants is obvious. Defendants were also prejudiced in that they were deprived of the opportunity to inspect the machine in its post accident condition and investigate other evidence of this incident that may have been on the 16-SP. In addition, defendants are also prejudiced by the inability of plaintiff to provide one version of events free of inconsistency and ambiguity.

The sanctions sought by defendants are not harsh, they are fair. Plaintiff should not be permitted to offer any countervailing evidence as to the improper maintenance to the subject product. Plaintiff dismisses the maintenance as a non-issue. Plaintiff, then, would not be

prejudiced by the granting of defendants' motion. The preclusion of evidence and an adverse jury instruction are the steps needed to remedy the prejudice sustained by defendants as a result of plaintiff's spoliation.

Respectfully submitted,

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**


BY: _____(GC1270)
      Gerard Cedrone, Esquire
      Leland I. Kellner, Esquire
      Howard W. Donahue, Jr., Esquire
      Attorneys for Defendants,
      Promark Products West, Inc. and Ariens Company

DATED:  November 29, 2004

#835173

**CERTIFICATION OF SERVICE**

I, Howard Donahue, Jr., Esquire, hereby certify that a true and correct copy of the within Supplemental Brief in Support of Defendants' Motion *in Limine* to Preclude Countervailing Opinion, Testimony or Evidence as to Proper Maintenance and an Adverse Inference Jury Instruction for Plaintiff's Spoliation of Evidence, by first-class U.S. mail, postage pre-paid, on the 29th day of November, 2004 to:

S. Richard Klinges, Esq.
Begley, Carlin & Mandio, LLP.
680 Middletown Blvd.
Langhorne, PA 19047
***Attorney for Plaintiff, Kyle Smith***

_____(HW2052)
Howard W. Donahue, Jr., Esquire
Attorney for Defendants,
Promark Products West, Inc. and Ariens Company