IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH : | CIVIL ACTION - LAW |
| : | |
| v. : | No. 02-CV-2718 (RLB) |
| : | |
| PROMARK PRODUCTS WEST, INC. : | |
| : | |
| and : | |
| : | |
| ARIENS COMPANY : | |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING DEFENDANTS' MOTION IN LIMINE
<u>ASSERTING SPOLIATION OF EVIDENCE</u>**

In their latest brief, regarding their spoliation of evidence claim, Defendants resort to lodging unsubstantiated and erroneous allegations of improprieties against Plaintiff and his counsel. Defendants' claims are unwarranted and should be dismissed.

Defendants' assertion that Plaintiff has presented a contradictory story and timeline for the product following the incident is baseless. Defendants argue that Plaintiff gave a false statement at his deposition that he did not know where the stump grinder was located. Without any evidence or support, Defendants argue that Plaintiff knew at the time of his deposition that the stump grinder had been dismantled as indicated by his affidavit. The actual facts are that Plaintiff's deposition was conducted on June 4, 2004. Plaintiff did not learn that the stump grinder had been dismantled by Mr. Huber until he was advised of the same by Karl Kirchoffer after Mr. Kirchoffer was deposed in this action on June 15, 2004. To coin one of Defendants' phrases used in a previous pleading in an attack against Plaintiff's attorneys, Defendants' behavior in making allegations challenging the truthfulness

281242.1
Dec 07 2004

of Plaintiff's statements at his deposition where Defendants have no evidence of the same is "disingenuous and unprofessional."[1]

Defendants also make the erroneous allegation that Plaintiff knew the machine was no longer possessed by Mr. Huber at a time Plaintiff swore that it was. Defendants rely upon Plaintiff's answer to Defendants' interrogatories in support of this assertion. The interrogatory specifically states:

> Trace the location of the subject stump grinder and of every component part which has been removed therefrom from the date of the incident to the present giving the dates between which said stump grinder or component part was at each location and the identity of the person or organization owning, having possession of or control of said stump grinder or component part.

Plaintiff's answer to this interrogatory was "[t]he stump grinder was owned and possessed by Joseph Huber who resided in Catasaqua, Pennsylvania." There is nothing in this answer to indicate that Plaintiff was swearing that the stump grinder was still in Mr. Huber's possession when Plaintiff answered this interrogatory. The fact is that Plaintiff did not know of the whereabouts of the machine. As detailed in Plaintiff's initial brief in response to Defendant's motion, Plaintiff had attempted to secure the stump grinder for inspection but was unable to locate it. In responding to Defendants' interrogatory, Plaintiff was providing as much information regarding the ownership and possession of the stump grinder as possible.

Defendants assert that they did not know until Plaintiff's answers to the first set of interrogatories served on March 12, 2004 that the machine was in the hands of Joseph Huber. This statement is not only erroneous, but is misleading. As stated in Plaintiff's initial brief, shortly after Defendants were served with and answered Plaintiff's Complaint, Plaintiff served Defendants with an initial disclosure statement on June 19, 2003 identifying Joseph Huber as a person who was likely to have information and providing Mr. Huber's address. Plaintiff's counsel also stated that it was

---

[1] Defendants also assert that Plaintiff knew that Mr. Huber was dying of cancer and that was why Plaintiff did not sue him. While this argument bears no relevance to the issue that is before the court pursuant to Defendants' motion, it is nonetheless inaccurate. Plaintiff stated that he did not bring a lawsuit against Mr. Huber's company because "I didn't feel it was actually his fault, and I knew he was dying of cancer, so..." (Plaintiff's deposition, Exhibit "D" to Defendants' Motion at 106).

believed that Mr. Huber leased or lent the subject stump grinder to Karl Kirchoffer who was operating the stump grinder at the time of the accident. (See Plaintiff's initial disclosure statement, Exhibit "A"). Therefore, Defendants could have easily contacted Mr. Huber or visited his address to attempt to locate the stump grinder but did not do this. Indeed, Defendants apparently made no attempts to locate the stump grinder, which calls Defendants' allegations that they now raise on the eve of trial regarding the supposed importance to their case of inspecting the stump grinder into serious question.

Defendants also complain that Plaintiff inspected the machine prior to Mr. Huber's death without notice to Defendants. However, Plaintiff never really "inspected" the machine as no engineer examined the machine for Plaintiff. Plaintiff merely photographed the machine and this fact has been clearly obvious as Defendants were provided with the photographs of the subject stump grinder taken by Plaintiff's investigator.

Defendants also complain that Plaintiff knew or thought he knew that Mr. Huber's brother had the ability to obtain the machine but did not tell Defendants despite discovery requests for this information. For one thing, Plaintiff did not know that Mr. Huber's brother had the ability to obtain the machine. Plaintiff attempted to determine from Mr. Huber's brother whether the machine was available for inspection, but was never able to obtain any such information from Mr. Huber's brother. Further, contrary to Defendants' argument, Plaintiff did not fail to provide this information despite discovery requests for the same. Defendants' rely upon the interrogatory reproduced herein above. As stated previously, Plaintiff answered this interrogatory to the best of his ability based upon the information Plaintiff was able to obtain. The fact that Plaintiff did not provide speculation in response to such interrogatory does not equate to a failure to respond to a discovery request.

Defendants also argue that Plaintiff neglected to provide documents regarding the disposition of the machine despite being asked for them. The interrogatory that Defendants are referring to is an interrogatory stating:

> Identify every document and other material indicating any effort by anyone to preserve the subject stump grinder and any component part of the subject stump grinder and identify the location of each said document or other material.

As stated in Plaintiff's initial brief, Plaintiff did send a letter to Mr. Huber's brother attempting to

preserve the machine by offering to purchase the stump grinder. Plaintiff's counsel Todd Sailer, Esquire answered said interrogatory by stating that Plaintiff is not aware of any such document. As explained previously, Mr. Sailer was not aware that Mr. Klinges had sent this letter to Mr. Huber at the time this interrogatory was answered and did not see the letter in Plaintiff's file. The letter was not discovered until Plaintiff's counsel reviewed the events of the case in preparation to respond to Defendant's instant motion in limine. Moreover, the subpoena that Defendants reference sought to secure the stump grinder for inspection. This document is in no way relevant to a request seeking documents relating to efforts to "preserve" the product.

The undeniable truth is that while Defendants attempt to curry favor with the court by manufacturing fallacious inconsistencies on the part of Plaintiff, Defendants clearly had the opportunity to attempt to locate the stump grinder, but apparently did nothing in this regard. Such an inspection obviously was not as critical to Defendants as they now suggest. This is logical since Plaintiff alleges a design defect case. An inspection of the exact machine involved in the accident is therefore certainly not vital for either party as an examination of any Promark Model 16SP is sufficient. Since Plaintiff never owned or possessed the stump grinder, was assured by its owner that it would be preserved and made available for inspection in connection with this case, and Plaintiff did everything possible to obtain the machine for inspection by all parties, Plaintiff is not at fault for the destruction of the machine by Mr. Huber. Moreover, even if Defendants had inspected the stump grinder for the stated purpose of determining whether the stump grinder had been properly maintained, there is no way that Defendants would be able to establish that the condition of the stump grinder at the time of any such inspection was the same as the condition of the stump grinder on the date of the accident of September 8, 2001. No matter how much mudslinging Defendants engage in, Defendants cannot cover up this incontrovertible fact. To allow Defendants the extraordinary benefit of an adverse instruction that the machine was not properly maintained or to disallow Plaintiff the opportunity to rebut any evidence presented by Defendants of improper maintenance would be completely unfair and unduly prejudice Plaintiff, especially where it would be wholly impossible for Defendants to establish improper maintenance even if the stump grinder had been secured for inspection.

For the above-stated reasons and the reasons set forth in Plaintiff's initial brief in response

to Defendants' motion, Plaintiff respectfully requests that the court deny Defendants' motion in limine regarding spoliation of evidence.

                                                                 BEGLEY, CARLIN & MANDIO, LLP

                                                          BY: _____
                                                          S. Richard Klinges, III, Esquire
                                                          I.D. # 02018
                                                          Todd M. Sailer, Esquire
                                                          I.D. # 86013
                                                          680 Middletown Boulevard
                                                          Langhorne, PA 19047
Date: 12/7/04                                     (215) 750-0110
                                                          Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Plaintiff's Reply Brief to Defendants' Supplemental Brief Regarding Defendants' Motion in Limine Asserting Spoliation of Evidence** was forwarded to Defendants' counsel listed below by regular mail.

Leland Kellner, Esquire
LAVIN, COLEMAN, O'NEILL, RICCI
Penn Mutual Tower, Suite 1000
510 Walnut Street
Philadelphia, PA 19106

Date: 12/7/04

BY: _____
S. Richard Klinges, III, Esquire
Todd M. Sailer, Esquire

281242.1
Dec 07 2004

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH** | : CIVIL ACTION NO. 02-CV-2718 |
| | : |
| vs. | : |
| | : |
| **PROMARK PRODUCTS WEST, INC.** | : |

### FED.R.CIV.P. 26 INITIAL DISCLOSURES

Plaintiff, Kyle Smith, by and through his attorneys, Begley, Carlin & Mandio, hereby make the following initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

A.  The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularly in the pleadings, identifying the subjects of the information.

| | | |
|---|---|---|
| 1. | Kyle Smith<br>541 Mauchchunk Road<br>Nazareth, PA 18064 | Plaintiff |
| 2. | Karl Kirchhofer<br>Address unknown | Mr. Kirchhofer was present at the time of the accident. |
| 3. | Joseph Huber, Jr.<br>8 South 3rd Street<br>Coplay, PA 18037 | It is believed that Mr. Huber leased or lent the subject stump grinder to Mr. Kirchhofer. |
| 4. | John and Barbara Groner<br>1324 Camelot Drive<br>Palmer, PA 18045 | Owners of property upon which accident occurred. |
| 5. | PennStar Flight | Plaintiff's Treating Medical Care Provider |

227116.1
May 05 2003

| | | |
|---|---|---|
| 6. | St. Luke's Emergency Room<br>801 Ostrum Street<br>Bethlehem, PA 18015 | Plaintiff's Treating Physicians/Medical Care Provider |
| 7. | Good Shepard Rehabilitation Hospital<br>501 St. John Street<br>Allentown, PA 18103 | Plaintiff's Treating Medical Care Provider |
| 8. | Manny S. Iyer, M.D.<br>Lehigh Plastic Surgery Center<br>201 Drift Court<br>Bethlehem, PA 18020 | Plaintiff's Treating Physician |
| 9. | Patrick S. Brogle, M.D.<br>Orthopaedic Surgical Group<br>701 Ostrum Street, Suite 602<br>Bethlehem, PA 18015 | Plaintiff's Treating Physician |
| 10. | St. Luke's Medical Center<br>801 Ostrum Street<br>Bethlehem, PA 18015 | Plaintiff's Treating Physicians / Medical Care Provider |

**B.** A copy of, or a description by category and location, of all documents, data, compilations, and tangible things in the possession, custody or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

1. Records of St. Lukes Hospital

2. Records of Pennstar Flight

3. Records of Good Shepherd Rehabilitation Hospital

4. Records of Manny S. Iyer, M.D.

5. Records of Patrick J. Brogle, M.D.

6. Photographs of Promark/Ariens Stump Grinder

7. Photographs of Plaintiff and Plaintiff's injuries

8. Photographs of the scene of the accident

9. Plaintiff's Medical Bills

227116.1
May 05 2003

2

**C.** A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary materials, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

>Plaintiff seeks damages for pain and suffering, medical bills, lost wages and loss of enjoyment and pleasure of life. Those materials bearing on the nature and extent of Plaintiff's injuries suffered are the medical records identified in subpart B.

**D.** Produce for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

>Not applicable.

Plaintiff reserves the right to supplement this Initial Disclosure in the future, if appropriate.

Respectfully submitted,

BEGLEY, CARLIN & MANDIO

By: _____
S. Richard Klinges, III, Esquire
Attorney I.D. #02018
680 Middletown Boulevard
Langhorne, PA  19047
(215) 750-0110
Attorney for Plaintiffs

227116.1
May 05 2003

3