IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | : CIVIL ACTION - LAW |
| v. | : No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | : |
| and | : |
| ARIENS COMPANY | : |

**PLAINTIFF'S REPLY TO SUPPLEMENTAL BRIEF OF DEFENDANTS, PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY REGARDING DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE REPORT, OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERTS, PHILLIP SPERGEL, Ed.D, RICHARD A. COLBERG AND BARRY SNYDER, M.D.**

Defendants argue that Dr. Snyder should be precluded on the basis that a testifying history was not supplied to Defendants for Dr. Snyder. However, as Plaintiff has explained, Dr. Snyder did not keep a list of his testifying history. Plaintiff is unable to provide something which does not exist.

Defendants also complain that a signed copy of Dr. Spergel's report has not been provided. Plaintiff's counsel believed Plaintiff had provided a signed copy of Spergel's report to Defendants' counsel. Defendants' supplemental brief was the first notice Plaintiff's counsel received that Defendants' counsel had not received the signed report. Nonetheless, a signed report will be provided which should render this subject a non-issue.

Defendants also complain that data and other information considered by Dr. Spergel in forming his opinions were not provided. However, Defendants never served Plaintiff with a discovery request seeking such information. Rule 26 (A)(2)(b) provides only that the expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions..." The rule does not provide that

281520.1
Dec 07 2004

the actual data be automatically supplied. Further, Plaintiff does not possess such reports as Dr. Spergel requires an authorization to be signed by the patient for the release of such information. Plaintiff's counsel has forwarded such authorization to Plaintiff to be signed so that Plaintiff's counsel can obtain documentation regarding the testing administered to Plaintiff.

Defendants' motion should be denied. Plaintiff's counsel has provided Defendants with reports from his experts and other information to comply with Rule 26. Rather than requesting information from Plaintiff, Defendants choose rather to burden the court with motion upon motion seeking preclusion of witnesses for Plaintiff's supposed failure to provide information which was never requested. Defendants' practice fails to conform to Local Rule 26.1(f) which requires a certification of counsel that the parties, after reasonable effort, are unable to resolve a dispute. Defendants do not even inform Plaintiff that a dispute exists prior to filing motions with the court, much less make any effort to resolve any such disputes. Moreover, a motion for preclusion cannot be granted where there has not first been non-compliance with an order compelling a party to respond to discovery requests.

BEGLEY, CARLIN & MANDIO, LLP

BY: _____
S. Richard Klinges, III, Esquire
I.D. # 02018
Todd M. Sailer, Esquire
I.D. # 86013
680 Middletown Boulevard
Langhorne, PA 19047
(215) 750-0110
Attorneys for Plaintiff

Date: 12/7/04

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Reply to Supplemental Brief of Defendants, Promark Products West, Inc. and Ariens Company Regarding Defendants' Motion in Limine in Preclude the Report, Opinions and Testimony of Plaintiff's Experts, Phillip Spergel, Ed.D, Richard A. Colberg and Barry Snyder, M.D. was forwarded to Defendants' counsel listed below by regular mail.

Leland Kellner, Esquire
LAVIN, COLEMAN, O'NEILL, RICCI
Penn Mutual Tower, Suite 1000
510 Walnut Street
Philadelphia, PA 19106

BY: _____
S. Richard Klinges, III, Esquire
Todd M. Sailer, Esquire

Date: 12/7/04

281520.1
Dec 07 2004