IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | : CIVIL ACTION - LAW |
| | : |
| v. | : No. 02-CV-2718 (RLB) |
| | : |
| PROMARK PRODUCTS WEST, INC. | : |
| | : |
| and | : |
| | : |
| ARIENS COMPANY | : |

**ORDER**

AND NOW, this ____ day of _____, 2004, upon consideration of Plaintiff's Motion in Limine to Preclude Evidence Relating to Drug/Alcohol Abuse or Treatment, and any response thereto, it is hereby ORDERED and DECREED that said motion is GRANTED. Defendants, Promark Products West, Inc. and Ariens Company are precluded from introducing any records, testimony or other evidence relating to drug/alcohol abuse or treatment of Plaintiff at the trial of this matter.

_____
Ronald L. Buckwalter, J.

282605.1
Dec 21 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE RECORDS AND TESTIMONY RELATING TO DRUG/ALCOHOL ABUSE OR TREATMENT**

For the reasons set forth in the attached Memorandum of Law, Plaintiff, Kyle Smith requests that the Court grant Plaintiff's Motion in Limine to Preclude Evidence relating to Drug/Alcohol Abuse or Treatment of Mr. Smith.

Respectfully submitted,

BEGLEY, CARLIN & MANDIO, LLP

By: _____
S. RICHARD KLINGES, III, ESQUIRE
Attorney for Plaintiff
Attorney I.D. No. 02018
680 Middletown Boulevard
P.O. Box 308
Langhorne, PA 19047
(215) 750-0110

282605.1
Dec 21 2004

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING TO DRUG/ALCOHOL ABUSE OR TREATMENT**

Plaintiff files the instant Motion in Limine to seek preclusion of records, testimony and any other evidence of drug/alcohol abuse or treatment of Plaintiff. In a report dated October 19, 2004, Defendant's expert orthopaedic surgeon, Jack Bocher, M.D., references hospital records documenting supposed use by Plaintiff of illicit substances, participation by Plaintiff in a drug treatment program and an incarceration for Driving Under the Influence. (Bocher Report, dated 10/19/04, Exhibit "A"). Such information should be precluded since it is completely irrelevant to the instant action and is highly prejudicial.

As provided under F.R.E. 402, evidence which is not relevant is not admissible. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Moore's Rules of Evidence, Part 2, 1996, §401.3 at p.83. The question to be asked is whether the evidence tends to prove a matter sought to be proved in the case.

282605.1
Dec 21 2004

3

The records and/or testimony at issue have no relevance to the instant matter. There is no evidence that Plaintiff was under the influence of any drugs or alcohol at the time that the accident occurred. On the contrary, all evidence suggests that he was not in any way under the influence of drugs or alcohol at the time of the accident. No blood lab records evidence drugs or alcohol in Mr. Smith's system. The accident occurred in the afternoon on September 8, 2001. Plaintiff's co-worker, Karl Kirchoffer, who picked Plaintiff up in the morning on the date of the accident, testified that Plaintiff did not use alcohol or drugs while they were working and if Plaintiff had he would not have worked with Plaintiff. (Kirchhofer deposition at 33-34, Exhibit "B"). The police officers who provided assistance to Plaintiff after the accident, Daniel Monek and Wayne Smith, testified that Plaintiff was not under the influence. (Monek deposition at 35-36, Exhibit "C"; Wayne Smith deposition at 30–32, Exhibit "D"). Moreover, a firefighter that assisted Plaintiff testified that Plaintiff did not appear to be intoxicated. (Hockman Deposition Exhibit "E" at 22). Plaintiff also testified that he had not used any drugs or alcohol on the date of the accident and that he has not used illicit drugs at any time. (Plaintiff's deposition at 59-63, Exhibit "F"). Even Dr. Bocher states that he "could not find any evidence that a blood screen was ordered on admission...Without this blood analysis it would be difficult to relate this information to the accident." (Exhibit "A"). This court previously sustained Plaintiff's objection to an authorization seeking information relating to drug/alcohol abuse of Plaintiff directed to Quest Diagnostics, apparently on the basis of relevance due to the lack of evidence of intoxication at the time of the accident.

Even if one could consider the information at issue as relevant evidence, this evidence would prejudice, mislead or confuse the jury and should be precluded under Federal Rule of Evidence 403, which provides the following:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

282605.1
Dec 21 2004

4

F.R.E. 403. The advisory committee notes to F.R.E. 403 define unfair prejudice as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." <u>Federal Practice and Procedure, Wright & Graham, Evidence</u>, Section 5215 at 275.

The introduction of any evidence relating to drug/alcohol abuse or treatment would improperly influence the jury. There is a high risk that such evidence would cause the jury to decide the case solely or even partially on the basis of these factors. Moreover, this evidence would improperly place Plaintiff's character at issue. For these reasons, this evidence should not be permitted at trial.

WHEREFORE, Plaintiff, Kyle Smith, respectfully requests this Honorable Court to bar the introduction of any evidence relating to drug/alcohol abuse or treatment of Plaintiff at the trial of this matter.

Respectfully submitted,

BEGLEY, CARLIN & MANDIO, LLP

By: _____
S. RICHARD KLINGES, III, ESQUIRE
Attorney for Plaintiff
Attorney I.D. No. 02018
680 Middletown Boulevard
P.O. Box 308
Langhorne, PA 19047
(215) 750-0110

282605.1
Dec 21 2004

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Plaintiff's Motion in Limine to Preclude Records and Testimony Relating to Drug/Alcohol Abuse or Treatment** was sent by First Class Mail, postage prepaid to the following:

> Gerard Cedrone, Esquire
> Leland Kellner, Esquire
> Howard Donahue, Jr., Esquire
> LAVIN, COLEMAN, O'NEILL, RICCI
> Penn Mutual Tower, Suite 1000
> 510 Walnut Street
> Philadelphia, PA 19106

Dated: 12/21/04

_____
S. RICHARD KLINGES, III, ESQUIRE

282605.1
Dec 21 2004