IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

**ORDER**

  AND NOW, this    day of    , 2004, upon consideration of Plaintiff's Motion in Limine to Preclude Testimony by Defendants' Expert, John E. Myers, Ph.D., and any response thereto, it is hereby ORDERED and DECREED that said motion is GRANTED.  Defendants, Promark Products West, Inc. and Ariens Company are precluded from introducing testimony by Dr. Myers at the trial of this matter that 1) the retractable guard proposed by Plaintiff's expert Colberg would be problematic and add significant risks to the stump grinding operation, 2) Kirchoffer was able to  flip the stump grinder away from Mr. Smith in less than three seconds, and 3) that an operator presence control would have made no difference in this accident on the basis that Kirchoffer would have had to maintain his grip on the handlebar in order to flip the stump grinder away from Mr. Smith's leg and would not have been able to let go of the operator presence control at the same time.

                              _____
                              Ronald L. Buckwalter, J.

282652.1
Dec 21 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE TESTIMONY OF
DEFENDANTS' EXPERT, JOHN E. MYERS, Ph.D.**

For the reasons set forth in the attached Memorandum of Law, Plaintiff, Kyle Smith, requests that the Court grant Plaintiff's Motion in Limine to Preclude Testimony by Defendants' Expert John E. Myers, Ph.D.

Respectfully submitted,

BEGLEY, CARLIN & MANDIO, LLP

By: _____
S. RICHARD KLINGES, III, ESQUIRE
Attorney for Plaintiff
Attorney I.D. No. 02018
680 Middletown Boulevard
P.O. Box 308
Langhorne, PA 19047
(215) 750-0110

282652.1
Dec 21 2004

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH | CIVIL ACTION - LAW |
| v. | No. 02-CV-2718 (RLB) |
| PROMARK PRODUCTS WEST, INC. | |
| and | |
| ARIENS COMPANY | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY BY DEFENDANTS' <u>EXPERT JOHN E. MYERS, Ph.D.</u>**

Plaintiff files the instant Motion in Limine to seek preclusion of testimony by Defendants' expert engineer, John E. Myers, Ph.D. The testimony and opinions at issue should be precluded on the basis that they are highly speculative and unsupported and would only serve to confuse the issues, mislead the jury and cause needless delay and waste of time. Federal Rule of Evidence 403 provides the following:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

F.R.E. 403. Several opinions expressed by Dr. Myers in his report should be precluded under Rule 403. These opinions are also inadmissible because they are unsupported and are unreliable under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). <u>Daubert</u> requires an expert's opinions to be based on "good grounds." In considering whether there are "good grounds" for the expert's opinions it has been stated that the court may consider:

    1.    Whether a method consists of a testable hypothesis;

2. Whether the method has been subject to peer review;
3. The known or potential right of error;
4. The existence and maintenance of standards controlling the techniques, operations;
5. Whether the method is generally accepted;
6. The relationship of the technique to methods which have been established to be reliable;
7. The qualifications of the expert witness testifying based on the methodology; and
8. The non-judicial uses to which the method has been put.

ID Security Systems Canada, Inc. v. Checkpoint Systems, Inc., 198 F.Supp 2d 598, 602 (E.D. Pa. 2002) (citing In Re Paoli, supra at 742 m.8).

First, Dr. Myers states that the retractable guard proposed by Plaintiff's expert, Richard Colberg, "would be at best highly problematic in a stump grinder application, and at worst, would add significant risks to the stump grinding operation." Myers goes on to say that the guard "would catch on the ground and/or stump as the machine is lifted, moved front to back, and swung back and forth." (Myers report, Exhibit "A" at 3). These opinions are entirely speculative and are unsupported. Myers can point to no studies or tests to show that the retractable guard would be as problematic as he suggests. Mr. Colberg stated that a retractable guard would be able to compensate for varying levels of ground and tree stump while providing protection from contact with the cutter wheel. (Colberg report, Exhibit "B" at 5). Myers provides no information as to how the guard would "catch on the ground and/or stump" where the guard would be designed to compensate for different levels of ground and tree stump. Colberg based his opinion in part on his review of a videotape produced by Vermeer showing a stump grinder with the exact guard he proposes in operation flawlessly grinding stumps. (Colberg Affidavit, Exhibit "C").

Myers also opines that "when it catches on the ground or stump, the guard could be forced into the cutter wheel which could damage either the guard or cutting/teeth and impair their operation or create projectiles." (Exhibit "A" at 4). Colberg opined that the retractable guard "may be designed to rotate up inside an existing portion of the housing or it may be designed to rotate outside of the

housing." (Exhibit "B" at 5). Myers provides no information as to how the guard would be "forced into the cutter wheel." This opinion is thus also nothing more than conjecture and is unreliable.

Myers also speculatively asserts that Kirchoffer was able to flip the stump grinder away from Mr. Smith in less than three seconds. (Exhibit "A" at 5). This opinion is completely baseless. It constitutes no more than a guess which conveniently fits into Myers' timeline used by him to assert that Kirchoffer was able to flip the stump grinder away from Mr. Smith faster than an operator presence control would stop the cutting wheel of the stump grinder. Myers offers no studies or testing in support of this opinion.[1] Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) an expert shall provide data or other information considered by the witness informing his or her opinions. If Myers has any support for his opinion, he clearly fails to identify his sources.

Myers also states that an operator presence control would have made no difference in this accident because Kirchoffer made a decision to lift the cutter wheel away from Mr. Smith's leg by flipping the machine to the right and that this required that Kirchoffer maintained his grip on the loop/handlebar. (Exhibit "A" at 5). Myers states that Kirchoffer thus would not have been able to let go of the OPC at the same time that he was in the process of flipping the stump grinder. This opinion should clearly be precluded as it will confuse the issues and mislead the jury. Myers ignores the obvious fact that if the stump grinder had an operator presence control then Kirchoffer would not have had to flip the machine. Rather, he could have easily and rapidly stopped the cutting wheel by simply releasing the operator presence control lever. With regard to this opinion, Myers makes an assumption, with no evidentiary basis, that Kirchoffer would have decided at the outset to flip the

---

[1] In connection with Defendants' Motion for Summary Judgment, Defendants took issue with Kirchoffer's statement in his affidavit that it took him in excess of five seconds after he realized that he could not quickly stop the cutting wheel before he decided that the only thing he could do to help Mr. Smith would be to try to flip the stump grinder away from him. However, Defendants' own expert is of the opinion that "even after recognizing the situation he [Kirchoffer] still has to stop his current motion and then decide on a new course of action, which can take several additional seconds." (Myers Report, Exhibit "A" at 5).

machine even if it had been equipped with automatic shut-off devices. Myers' assumption not only is legally deficient, but is also factually erroneous. Kirchoffer's affidavit clearly establishes that Kirchoffer only decided to flip the machine after he realized that he could not quickly stop the cutting wheel. (Kirchoffer Affidavit, Exhibit "D").

Consequently, Myers should be precluded from offering the above-stated speculative and unsupported opinions at the trial of this matter. Such testimony by Myers is unreliable and would only serve to confuse the issues and mislead the jury.

For the above-stated reasons, Defendants' expert John E. Myers, Ph.D., should be precluded from offering opinions that: 1) the retractable guard proposed by Plaintiff's expert Colberg would be problematic and add significant risks to the stump grinding operation, 2) Kirchoffer was able to flip the stump grinder away from Mr. Smith in less than three seconds, and 3) that an operator presence control would have made no difference in this accident on the basis that Kirchoffer would have had to maintain his grip on the handlebar in order to flip the stump grinder away from Mr. Smith's leg and would not have been able to let go of the operator presence control at the same time.

WHEREFORE, Plaintiff, Kyle Smith, respectfully requests this Honorable Court to grant Plaintiff's Motion in Limine to Preclude Testimony by Defendants' expert, John E. Myers, Ph.D. at the trial of this matter.

Respectfully submitted,

BEGLEY, CARLIN & MANDIO, LLP

By: _____
S. RICHARD KLINGES, III, ESQUIRE
Attorney for Plaintiff
Attorney I.D. No. 02018
680 Middletown Boulevard
P.O. Box 308
Langhorne, PA 19047
(215) 750-0110

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Plaintiff's Motion in Limine to Preclude Testimony by Defendants' Expert, John E. Myers, Ph.D.** was sent by First Class Mail, postage prepaid to the following:

>Gerard Cedrone, Esquire
>Leland Kellner, Esquire
>Howard Donahue, Jr., Esquire
>LAVIN, COLEMAN, O'NEILL, RICCI
>Penn Mutual Tower, Suite 1000
>510 Walnut Street
>Philadelphia, PA 19106

Dated: 12/21/04

S. RICHARD KLINGES, III, ESQUIRE

282652.1
Dec 21 2004