**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KYLE SMITH,** | : |
| *Plaintiff,* | : |
| v. | : |
| **PROMARK PRODUCTS WEST, INC.** | : **CIVIL ACTION** |
| and | : **NO. 02-CV-2718 (RLB)** |
| **ARIENS COMPANY,** | : |
| *Defendants.* | : |

**ORDER**

AND NOW, this _____ day of _____, 2005, upon consideration of the Motion *in Limine* of Plaintiff, Kyle Smith, to Preclude Testimony by Defendants' Expert John E. Myers, Ph.D., and defendants', Promark Products West, Inc. and Ariens Company, response thereto, it is hereby ORDERED that plaintiff's Motion *in Limine* to Preclude Testimony by Defendants' Expert, Mr. John E. Myers, Ph.D., P.E., is DENIED.

BY THE COURT:

_____
**HONORABLE RONALD L. BUCKWALTER**
**United States District Court Judge**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH,** | : |
| *Plaintiff,* | : |
| v. | : |
| **PROMARK PRODUCTS WEST, INC.** | : CIVIL ACTION |
| and | : NO. 02-CV-2718 (RLB) |
| **ARIENS COMPANY,** | : |
| *Defendants.* | : |

**DEFENDANTS', PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY, OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY DEFENDANTS' EXPERT JOHN E. MYERS, PH.D.**

The opinions provided by defendants' expert John E. Myers, Ph.D., P.E., are reliable and fit and are admissible under the Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Plaintiff has confused which party has the burden of proving a feasible safer alternative design in his motion and has improperly criticized the opinions and conclusions of Dr. Myers, all the while failing to provide any reliable and fit expert testimony on design defect on his behalf in this case.

The insurmountable hurdle for plaintiff is the fact that his expert, Richard A. Colberg, failed to meet the requirements of Daubert with respect to his alternative design opinions. See Report of Richard A. Colberg, a true and correct copy of which is attached hereto as Exhibit "A". Mr. Colberg did none of the required scientific work (no plans, blueprints, drawings, other engineering medium, testing or any methodology). This failure is the subject of a motion *in*

2

*limine* filed by defendants. All that Mr. Colberg has presented are "concepts." He never created anything concrete. This failure is fatal to plaintiff's case, as well as the instant motion.

Plaintiff overlooks the fact that it is his burden to provide a safer and feasible alternative design. Van Buskink v. West Bend Co., 100 F.Supp. 2d 281, 285-287 (E.D.Pa. 1999). If expert testimony is used, it must comply with Federal Rule of Evidence 702. The Court of Appeals has addressed the requirements of Rule 702 by requiring that an expert be qualified and that the opinions offered must be reliable (as established by Daubert) and fit (relevant to the case at bar and must assist the trier of fact). See Calhoun v. Yamaha Motor Corp., 350 F.3d 316, 321 (3rd Cir. 2003). Plaintiff seems to suggest that defendants should have designed and manufactured Mr. Colberg's concept and tested it. That is not the law in Pennsylvania.

Plaintiff criticizes the opinions of Dr. Myers with respect to Mr. Colberg's conceptual guard. Mr. Colberg himself equates this guard to one used on hand-held circular saws or table saws. See Exhibit "A" at page 5. Since Colberg never actually designed his "guard" on to the 16-SP, there is no machine to be tested. Dr. Myers was forced to rely upon his understanding of the functioning of such guards on circular saws and table saws and provided a detailed analysis as to why such a guard is not feasible on the 16-SP. See Report of John E. Myers, Ph.D., P.E., dated September 30, 2004, a true and correct copy of which is attached hereto as Exhibit "B". Dr. Myers offered reliable and fit opinions on the conceptual guard despite Mr. Colberg's failure to do so.

Plaintiff also criticizes Dr. Myers' opinions with respect to Mr. Colberg's Operator Presence Control (OPC) opinions. Specifically, plaintiff incorrectly argues that Dr. Myer's opinion that Mr. Kirchhofer was able to flip the machine away from Mr. Smith in less than three seconds was "baseless". The opinion of Dr. Myers is clearly supported by Kirchhofer's

3

testimony. Kirchhofer testified repeatedly that once he realized that Mr. Smith was under the 16-SP, that he "immediately" flipped the machine to the right. See Kirchhofer Deposition, taken on June 15, 2004, page 52, line 15 – page 53, line 3, a true and correct copy of which is attached hereto as Exhibit "C". Kirchhofer also testified:

> Q: When Kyle got caught in the machine, did you continue to grind or did you immediately get the machine away from him?
>
> A: I immediately got the machine away from him.
>
> Q: So, there was no period of time that you kept grinding away, or you couldn't help it, you just kept grinding?
>
> A: No there wasn't. His leg would have been cut right off.

See Exhibit "C" at page 75, line 25 – page 76, line 8.

Dr. Myers read this testimony, consulted the publications on reaction time identified in his report, and came to the conclusion that Kirchhofer's reaction time upon realizing that Mr. Smith was under the machine was less than three (3) seconds. See Exhibit "B" at page 5. That analysis certainly satisfies Daubert. Plaintiff's disagreement with the analysis and conclusion can be addressed on cross-examination, not by precluding Dr. Myers' opinions.

Further, plaintiff mischaracterized the conclusions of Dr. Myers with respect to the OPC. Quite simply, Dr. Myers has said that an OPC would not have reduced plaintiff's injuries because the actions of Kirchhofer were quicker in getting the cutting wheel away from plaintiff than any OPC would have been. Id. Again, Mr. Colberg failed to design an OPC for the subject 16-SP that could be tested to determine the amount of time it would take for the wheel to stop. Instead, Mr. Colberg, without any support, indicates that an OPC on a lawnmower (a completely different product) is required to stop the lawnmower blade "within three (3) seconds of being actuated." See Exhibit "A" at page 6. On the most basic level, he provides no evidence that a

lawnmower blade and the 16-SP cutting wheel have the same rpms, rotating mass and similar drive trains.  As Mr. Colberg recognizes, OPC devices do not stop the blades immediately upon engagement.  Rather, the blades contain to rotate as the engine comes to a stop.  This takes additional time.  Kirchhofer on the other hand, actually lifted the machine off plaintiff and flipped it over immediately.[1]  Based upon Dr. Myers' analysis, he quantified "immediately" as less than three (3) seconds after realizing that Mr. Smith was under the machine.  See Exhibit "B" at page 5.  The fact that plaintiff disagrees with the conclusions of Dr. Myers does not constitute proper grounds for preclusion. Rather, any such issues can be dealt with on cross-examination.

     This situation can be cleared up quite easily by barring the opinions and testimony of Mr. Colberg.  Mr. Colberg has only offered "concepts," not a feasible and safer alternative design.  This falls well short of the requirements imposed by Rule 702, <u>Calhoun</u> and <u>Daubert</u>.  Mr. Smith has the burden of providing an alternative design, not the defendants.  Plaintiff failed to meet this burden and suggest that defendants should have done his work for him.  This proposition is not the law of Third Circuit or Pennsylvania.  All of Dr. Myers' opinions comply with every part of the trilogy (qualification, reliability and fitness).  The same cannot be said of Mr. Colberg.  As the opinions of Dr. Myers are reliable and fit, highly probative and admissible, defendants

---

[1] Plaintiff makes repeated reference to an Affidavit from Kirchhofer that plaintiff obtained to respond to defendants' Motion for Summary Judgment.  This Affidavit should be ignored for the reasons set forth in defendants' Reply Brief in Support of Motion for Summary Judgment.

respectfully request that plaintiff's motion be denied and that Dr. Myers' opinions and testimony be admitted at trial in this matter.

                                          Respectfully submitted,

                                          LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

                                          BY:    _____(GC 1270)
                                                         Gerard Cedrone, Esquire
                                                         Leland I. Kellner, Esquire
                                                         Attorneys for Defendants,
                                                         Promark Products West, Inc. and Ariens Company

Date:  <u>January 5, 2005</u>
#844866

**CERTIFICATION OF SERVICE**

I, Howard W. Donahue, Jr., Esquire, hereby certify that a true and correct copy of the within Opposition of Defendants, Promark Products West, Inc. and Ariens Company, to Plaintiff's Motion *in Limine* to Preclude Defendants' Expert John E. Myers, Ph.D., was served by Federal Express, on the _____ day of _____, 2005:

S. Richard Klinges, Esq.
Begley, Carlin & Mandio, LLP.
680 Middletown Blvd.
Langhorne, PA  19047
Attorney for Plaintiff, Kyle Smith

BY: _____(HWD2052)
Howard W. Donahue, Jr., Esquire
Attorney for Defendants, Promark Products West, Inc. and Ariens Company

**844866v1**