**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KYLE SMITH,** : | |
| *Plaintiff,* : | |
| v. : | |
| **PROMARK PRODUCTS WEST, INC.** : | **CIVIL ACTION** |
| and : | **NO. 02-CV-2718 (RLB)** |
| **ARIENS COMPANY,** : | |
| *Defendant.* : | |

**ORDER**

AND NOW, this _____ day of _____, 2005, upon consideration of the Motion *in Limine* of Plaintiff, Kyle Smith, to Preclude Records and Testimony Relating to Drug/Alcohol Abuse or Treatment, and defendants', Promark Products West, Inc. and Ariens Company, response thereto, it is hereby ORDERED that plaintiff's Motion *in Limine* to Preclude Records and Testimony Relating to Drug/Alcohol Abuse or Treatment is DENIED.

**BY THE COURT:**

_____
**HONORABLE RONALD L. BUCKWALTER**
**United States District Court Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KYLE SMITH,**           :                                       :           *Plaintiff,*           :                                       :           v.           :                                       : **PROMARK PRODUCTS WEST, INC.**           :           **and**           :                                       : **ARIENS COMPANY,**           :                                       :           *Defendant.*           :                                       :           : | CIVIL ACTION  NO. 02-CV-2718 (RLB) |

**DEFENDANTS', PROMARK PRODUCTS WEST, INC. AND ARIENS COMPANY, OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE RECORDS AND TESTIMONY RELATING TO PLAINTIFF'S DRUG/ALCOHOL ABUSE OR TREATMENT AND INCARCERATION**

Plaintiff's Motion fails to address one key area in which the records and testimony of plaintiff's drug and alcohol abuse and incarceration are relevant – plaintiff's loss of earning capacity claim. As such, this evidence is relevant and admissible under Federal Rules of Evidence 401, 402 and 403.

Plaintiff has identified Phillip Spergel, Ed.D. as a vocational expert. Mr. Spergel has offered an opinion relating to alleged loss of earnings and earning capacity as a result of this incident. In his report, Mr. Spergel evaluates the employability of Smith. At his deposition, Smith testified that he was convicted for public drunkenness in 1999. See Deposition of Kyle Smith, taken on June 4, 2004, page 13 line 5 – page 14, line 15, a true and correct copy of which is attached hereto as Exhibit "A". Contrary to his testimony, the records received during

discovery[1] indicate that plaintiff was released from a 31-day prison term in August 2001 for a driving under the influence and aggravated assault conviction. See Medical Record received from St. Luke's Hospital, dated September 8, 2001, a true and correct copy of which is attached hereto as Exhibit "B" and Psychology Initial Evaluation from Good Shepherd Rehabilitation Hospital, dated September 27, 2001, a true and correct copy of which is attached hereto as Exhibit "C". In other records, it was disclosed that plaintiff had been drinking since he was twelve (12) years old, and has used cocaine and marijuana. See Pre-Procedure Interventional Radiology Evaluation from St. Luke's Hospital, dated September 13, 2001, a true and correct copy of which is attached hereto as Exhibit "D". In fact, plaintiff indicated in the medical records from the day of the incident that he "did a lot of cocaine last night." See Exhibit "B". He was also in substance abuse rehabilitation for a couple of months when he was eighteen (18) years old. Id.

Certainly, plaintiff's history of substance abuse and incarceration would impact his eligibility and fitness for employment positions. For instance, in employment applications one question that is frequently asked is whether the applicant has been arrested or convicted of crime. The Eastern District of Pennsylvania is such an employer. See Employment Application for United States District Court for the Eastern District of Pennsylvania, a true and correct copy of which is attached hereto as Exhibit "E". If Smith was to answer such questions truthfully, he would not be eligible for many positions, including positions with this Court. Similarly, many employers ask applicants whether they use drugs and submit employees and applicants to drug

---

[1] In addition to his loss of earning capacity claims, plaintiff also alleges "mental anguish" as a result of this incident. This Court issued an Order on August 11, 2004 requiring that plaintiff provide executed authorizations for his medical records, including psychiatric records, within 10 days. To date, plaintiff has not provided these authorizations. For failing to comply with this Order, pursuant to Federal Rule of Civil Procedure 37(b)(2)(B), plaintiff should be prohibited from supporting this claim and from introducing evidence of his alleged mental anguish into evidence. Also, pursuant to subparagraph (C), the claims of mental anguish should be stricken from plaintiff's Amended Complaint.

testing as a part of the hiring process due concerns of drug use and the medical fitness to perform the tasks of the job.

Whether an individual has a history of drug and alcohol abuse and has been incarcerated certainly limits the nature, quantity and quality of the employment positions available to the individual. This issue was interjected into this case by plaintiff despite the fact that Smith's employability and earning capacity was far more limited by his personal history before the incident than by the incident itself. Defendants should also be permitted to use the records and testimony of drug and alcohol abuse and plaintiff's incarceration to cross examine Mr. Spergel on his opinions regarding Smith's employability. This evidence is relevant to plaintiff's loss of earning capacity claim and his employability and the jury should hear it.

Contrary to plaintiff's assertions, the admission of this evidence would not constitute "unfair prejudice" to plaintiff. The probative value of this evidence overwhelming outweighs any danger of unfair prejudice, confusion of issues or misleading of the jury. This evidence goes right to the heart of Mr. Spergel's opinions on Smith's employability. Plaintiff cannot point to any instance of prejudice, confusion or misleading that would result other than to claim that the mere fact that the jury hears the words "drugs", "alcohol" or "incarceration" would taint their minds and "improperly influence the jury." This is unsubstantiated. The jury will hear this evidence in the context that it would be presented – to challenge plaintiff's loss of earning capacity claims – and will evaluate it in that context. To claim that the jury is incapable of evaluating this evidence for the purposes that it would be admitted is not supported by plaintiff.

The evidence pertaining to plaintiff's drug and alcohol abuse and incarceration is relevant to plaintiff's claim of lost earning capacity. It goes directly to Smith's employability and the

opinions of Mr. Spergel.  The probative value of this evidence far outweighs any danger of prejudice.  As this evidence is relevant, highly probative and admissible, defendants respectfully request that plaintiff's motion be denied.

        Respectfully submitted,

        **LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

        BY: _____ (GC1270)
           Gerard Cedrone, Esquire
           Leland I. Kellner, Esquire
           Attorneys for Defendants,
           Promark Products West, Inc. and Ariens Company

Date:  January 5, 2005
#844843

4

## CERTIFICATION OF SERVICE

  I, Howard W. Donahue, Jr., Esquire, hereby certify that a true and correct copy of the within Opposition of Defendants, Promark Products West, Inc. and Ariens Company, to Plaintiff's Motion *in Limine* to Preclude Records and Testimony Relating to Drug/Alcohol Abuse or Treatment, was served by Federal Express, on the _____ day of _____, 2005:

S. Richard Klinges, Esq.<br>
Begley, Carlin & Mandio, LLP.<br>
680 Middletown Blvd.<br>
Langhorne, PA  19047<br>
Attorney for Plaintiff, Kyle Smith

                _____(HWD2052)
                Howard W. Donahue, Jr., Esquire
                Attorney for Defendants, Promark Products West,
                Inc. and Ariens Company

844843v1