**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KYLE SMITH** | **: CIVIL ACTION NO. 02-CV-2718** |
| | **:** |
| **vs.** | **:** |
| | **:** |
| **PROMARK PRODUCTS WEST, INC.** | **:** |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE RECORDS AND TESTIMONY RELATING TO DRUG/ALCOHOL
ABUSE OR TREATMENT**

Plaintiff presents this reply brief to respond to Ariens' assertion that evidence of alleged substance abuse by Plaintiff is admissible at trial even though it is uncontrovertible that substance abuse played no role in the accident at issue. Although Plaintiff has never experienced any difficulty being employed due to any substance abuse issues, Ariens argues that such evidence is relevant to Plaintiff's wage loss claim.

Ariens initially claimed in correspondence to Plaintiff's counsel and in its Motion to Compel Full and Complete Responses to its Request for Production of Documents that it sought records of substance abuse on the basis of their allegation that Plaintiff was under the influence the night before the accident and may have been intoxicated at the time of the accident. Plaintiff responded to Defendants' motion that there was no evidence whatsoever that Plaintiff was in any way under the influence at the time that the accident occurred. Plaintiff explained that Plaintiff testified that he had never taken illicit drugs and was not under the influence on the day of the accident and that Plaintiff's co-worker, Karl Kirchhoffer and several rescue personnel all testified that there was no indication that Plaintiff was under the influence at the time of the accident. Having its request for substance abuse records denied, Ariens manufactured a different basis for its request for substance abuse records by claiming in its subsequent motion to compel authorizations that the records are relevant to Plaintiff's employability and now continues to press this assertion to the court. Ariens' argument is baseless and should be denied.

284718.1
Jan 12 2005

As in its motion to compel authorizations Ariens maintains that Plaintiff has submitted a report by vocational expert Phillip Spergel, Ed.D. which evaluates the employability of Mr. Smith. However, Dr. Spergel evaluated Plaintiff's lost earning potential as a result of his physical injuries, not his employability. Moreover, any history of substance abuse by Plaintiff is irrelevant to his lost earning capacity claim. Since partly recovering from his injuries to his right leg approximately one year subsequent to the accident, Plaintiff has been steadily employed to the present time. He is presently employed in the capacity of a quarry worker. Plaintiff started at this position on August 4, 2004. Prior to his position as a quarry worker, Plaintiff was employed as a cabinet manufacturer, fabricator and installer for ten months. Moreover, prior to the accident involved herein Plaintiff worked as a roofer, framer and tiler for several years and he has also worked as a film scanner. (See Spergel report, Exhibit "A"). Therefore, it is clear that Plaintiff does not have any type of substance abuse problem that impacts his ability to work. Ariens strains to hypothesize about positions that Plaintiff may not be able to obtain due to pre-employment drug screenings by imagined unidentified potential employers. However, Ariens provides no evidence that positions which Plaintiff may seek have any such requirement. Further, it is evident that Plaintiff has not had difficulty up to this point obtaining employment. Ariens is merely attempting to assert a different and unfounded justification for the introduction of the substance abuse records in order to prejudice Plaintiff at trial since the court rejected Ariens' request for evidence of substance abuse based on Ariens' argument that the records were relevant to the circumstances of how the accident occurred.

Moreover, such records are protected from disclosure due to the fact that they are confidential and privileged. Under Pennsylvania law where the records sought are in the possession of a private practitioner, hospital, clinic, drug rehabilitation or drug treatment center, such records shall remain confidential and may be disclosed only with the patient's consent and only to medical personnel exclusively for the purpose of the diagnosis and treatment of the patient or to government or other officials exclusively for the purpose of obtaining benefits due to the patient as a result of his drug or alcohol abuse or dependence. The only exception to the foregoing is that patient records may be released without the patient's consent to proper medical authorities solely for the purpose of providing medical treatment to the patient in medical emergency situations. 71 P.S. 1690. 108 (c).

284718.1
Jan 12 2005                                    **2**

Plaintiff has not consented to the release of such records in this action and has not waived the protections afforded by this section.  Since this case is before this court pursuant to diversity jurisdiction, the Pennsylvania law cited above should apply.  However, Federal law also limits the release of drug or alcohol treatment records and declares such records confidential. 42 U.S.C. §290dd-2. Such records can only be released under this statute pursuant to a court order issued upon a showing of good cause.  Since disclosure of substance abuse records is so narrowly constricted it logically follows this type of evidence should not be permitted at trial especially where substance abuse was not involved in the accident at issue and has not prevented or hindered Plaintiff's ability to be employed.  Even if the court were to find that such records are relevant to Plaintiff's wage loss claim it is evident that any such relevance is minor while the prejudice to Plaintiff of admission of evidence at issue would be severe.  In light of the foregoing, Ariens should be precluded from introducing any substance abuse records at the trial of this matter.[1]

**BEGLEY, CARLIN & MANDIO, LLP**

By:/s/ S. Richard Klinges, III, Esquire
    S. Richard Klinges, III, Esquire
    Attorney I.D. #02018
    Todd M. Sailer, Esquire
    Attorney I.D. #86013
    680 Middletown Boulevard
    Langhorne, PA  19047
    (215) 750-0110

---

[1]Ariens also asserts in a footnote in its brief in opposition to Plaintiff's Motion in Limine to Preclude Records and Testimony relating to Drug/Alcohol Abuse or Treatment that Plaintiff's mental anguish claim should be precluded based upon Plaintiff's supposed failure to provide authorizations for the release of psychiatric records.  Plaintiff's counsel believed that such authorizations were included with tax information that Plaintiff's counsel sent to Defendant's counsel on November 8, 2004.  Plaintiff's counsel never heard anything from Defendant's counsel regarding the authorizations until Plaintiff's counsel received Defendant's brief filed on January 5, 2005. Plaintiff's counsel has forwarded the authorizations to introduce on to Defendants' counsel.  At any rate, as Plaintiff has stated previously, Plaintiff does not intend evidence of psychological injury at trial.

284718.1
Jan 12 2005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE SMITH** | **: CIVIL ACTION NO. 02-CV-2718** |
| | **:** |
| **vs.** | **:** |
| | **:** |
| **PROMARK PRODUCTS WEST, INC.** | **:** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Reply Brief in Support of Plaintiff's Motion in Limine to Preclude Records and Testimony Relating to Drug/Alcohol Abuse or Treatment was sent by First Class Mail, postage prepaid to the following:

Leeland Kellner, Esquire
Howard Donahue, Jr., Esquire
Lavin, Coleman, O'Neil, Ricci
Penn Mutual Tower, Suite 1000
510 Walnut Street
Philadelphia, PA l9l06


/s/ S. Richard Klinges, III, Esquire
S. Richard Klinges, III, Esquire


Date: January 12, 2005